**UNITED STATES of America, Appellee,**

v.

**Brian D. STURTEVANT, Defendant, Appellant.**

**No. 95–1018.**

United States Court of Appeals, First Circuit.

Heard July 31, 1995.

Decided Aug. 10, 1995.

Peter B. Krupp, Federal Defender Office, Boston, MA, for appellant.

Sheila W. Sawyer, Asst. U.S. Atty., with whom Donald K. Stern, U.S. Atty., Boston, MA, was on brief for the U.S.

Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

On February 7, 1992, four Boston police officers patrolling the Cathedral Housing Projects, observed appellant Brian Sturtevant striking Eric Randolph about the head. After separating the two individuals, the officers searched Sturtevant and discovered a loaded sawed-off shotgun concealed inside one leg of his pants. They also found two shotgun shells in Sturtevant's right coat pocket and one "hit" of crack cocaine inside his glove.

Sturtevant was indicted on federal charges of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possessing an unregistered firearm, 26 U.S.C. § 5861(d). He was also charged in state court with assault

and battery and possession of a controlled substance. On September 28, 1994, Sturtevant pled guilty to the federal charges and was subsequently sentenced to 72 months' imprisonment.

The presentence report recommended that Sturtevant receive a four-level increase in his base offense level pursuant to U.S.S.G. § 2K2.1(b)(5), which requires a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense...." The probation officer concluded that the enhancement was warranted because Sturtevant had possessed the sawed-off shotgun during his altercation with Randolph and—according to Randolph's initial statement to the police[1]— had threatened to shoot Randolph prior to the fight.

At sentencing, Sturtevant opposed the recommended enhancement, and submitted an affidavit from Randolph, dated November 22, 1994, in which he said that Sturtevant had never threatened him or mentioned a gun. The government countered with an affidavit from Randolph, dated November 28, 1994, saying that he (Randolph) did not recall making the precise statements recounted in the police report, but he did remember telling the arresting officer that (1) he thought that Sturtevant must have been carrying a gun to risk coming into his drug territory and punching him in the face, and (2) Sturtevant said that he was now going to be "pumping," *i.e.*, selling drugs, in Randolph's area.

At Sturtevant's request, the district judge granted a continuance until December 16, 1994, but indicated that an evidentiary hearing, also requested by Sturtevant, was probably unnecessary. On December 16, 1994, the district court applied the four-level enhancement, finding that the possession of the shotgun played a role in emboldening Sturtevant's actions towards Randolph. The court said that it gave little weight to Randolph's statements, but explained to Sturtevant that he made these findings "because you were

out there on the street with a deadly weapon; it might have been in your pocket, but it was there in reserve."

The only issue on appeal is whether the district court abused its discretion in failing to hold an evidentiary hearing before levying the four-level enhancement. Although Sturtevant says that an evidentiary hearing was needed to test Randolph's credibility, he has never directly disputed Randolph's claim— twice repeated and never repudiated by Randolph—that Sturtevant started the fight. There was also unrefuted evidence, independent of Randolph, that Sturtevant actually possessed a loaded sawed-off shotgun during his assault. The assault was a felony offense under the guidelines. U.S.S.G. § 2K2.1 comment. (n. 7); M.G.L.A. ch. 265, § 13A.

Given the broad reach of the "in connection with" requirement, *United States v. Thompson*, 32 F.3d 1, 3 (1st Cir.1994), we think that the carriage of the gun during the assault satisfied the requirement of section 2K2.1(b)(5) that a firearm be "used or possessed ... in connection with another felony offense...." The courts have held repeatedly that the presence of a readily available weapon in a location containing drugs is enough. *E.g., United States v. McFadden*, 13 F.3d 463, 465–66 (1st Cir.1994). Here, there might be enough undisputed evidence for the district court to conclude that this assault was associated with drugs. Still, if the enhancement turned on Sturtevant's purpose or alleged threats, perhaps a hearing might have been required.

But we think that on the present facts the motive for the assault does not matter. Sturtevant carried the shotgun on his person during his assault. The connection between that crime (the assault) and the gun seems to us no less close than the connection between a drug hideout and gun. In each instance, the weapon provides an added sense of security and has a substantial potential for use in the course of the particular crime in question.[2] This is not the case of an accountant

---

1. The officer, who is now deceased, reported (in the police report and before the grand jury) that Randolph said that Sturtevant approached him prior to the fight and declared, "get the fuck out

of here, I'm taking over the drug trade now, and if you fuck with me, I'm going to shoot you."

2. *Compare United States v. Eaton*, 890 F.2d 511, 512 (1st Cir.1989), *cert. denied*, 495 U.S. 906, 110

who, while forging checks, happens to have a gun in the desk drawer.

In short, a hearing would have served no purpose. Sturtevant was free to testify but made no request to do so, and Randolph's testimony would not have altered the result even if he had said that no threats were made and the reason for the assault was a mystery.

*Affirmed.*

S.Ct. 1927, 109 L.Ed.2d 291 (1990) (drug case), with *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994) (car theft). This court cited *Rou-* *ton* with approval in *United States v. Thompson,* 32 F.3d 1, 6 (1st Cir.1994).