United States Court of Appeals,

Eleventh Circuit.

No. 95-4421.

UNITED STATES of America, Plaintiff-Appellee,

v.

Daniel Patrick GAINEY, Defendant-Appellant.

May 5, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-8089-CR), Donald R. Graham, Judge.

Before BARKETT, Circuit Judge, KRAVITCH, Senior Circuit Judge, and HARRIS[*], Senior District Judge.

BARKETT, Circuit Judge:

Daniel Patrick Gainey appeals his conviction and 288-month sentence for possession of a firearm by a convicted felon, possession of a firearm with an obliterated serial number, and possession with intent to distribute heroin. Gainey presents six claims on appeal: (1) the district court improperly denied his motion to suppress evidence; (2) the district court admitted physical evidence that lacked foundation and a proper chain of custody; (3) the district court erroneously denied his motion for a new trial on the grounds of prosecutorial misconduct; (4) the jury's verdict of guilty for possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), was not supported by sufficient evidence; (5) the jury's verdict of guilty for possessing heroin with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), was not supported by sufficient

[*]Honorable Stanley S. Harris, Senior U.S. District Judge for the District of Columbia, sitting by designation.

evidence; (6) the district court improperly enhanced his offense level under U.S.S.G. § 4B1.4.

Upon a review of the record, we conclude that the evidence presented was sufficient to support Gainey's convictions. We also find no reversible error in the trial court's evidentiary rulings, and rulings denying Gainey's motion to suppress and motion for a new trial on the grounds of prosecutorial misconduct. As to the latter motion, we note that the misconduct alleged focused on the prosecutor's closing argument in which she stated:

> ... Mr. Gainey's residence was a drug den. He had the spoons. He had the needles. He had the cut. He had the heroin around his neck, and he had the weapons. These are all tools of the drug trade.
>
> Ladies and gentlemen, we live here in South Florida and we are very familiar with it by now.

Gainey's counsel immediately objected to the last sentence. The district court correctly sustained the objection and gave limiting instructions to the jury. We agree with the government that this issue does not warrant reversal as it was harmless error. Nevertheless, we address it here because we reject the government's characterization of the prosecutor's comment as simply an "inartful" attempt to ask the jury to apply their "common experience."

In evaluating the facts of a case, the law permits jurors to "apply their common knowledge, observations and experiences in the affairs of life." *United States v. Cruz-Valdez*, 773 F.2d 1541, 1546 (11th Cir.1985) (en banc) (citations omitted). Such an instruction recognizes that in assessing credibility or the reasonableness of a position, people inherently apply conclusions

about human behavior based on *common experiences of daily living.*
For example, jurors may use "common sense," derived from the
repetitive pattern of human behavior and experiences common to all
of us, in discerning the reliability of a person who gives
conflicting testimony.  However, the law does not permit jurors to
construe accounts of current events, gleaned from sources
extraneous to the case record (such as newspapers), as somehow
applicable to the question of a particular defendant's guilt or
innocence.  A jury cannot appropriately reason that a particular
defendant is guilty based on media reports of rampant drug use
coupled with the fact that the defendant is accused of a drug
crime.  The prosecutor's comment in this case draws upon widespread
community fears about drugs, and implies that those fears can or
should inform the process of assessing Gainey's guilt.  In other
words, the reference invites the jury to judge the case upon
standards and grounds other than the evidence and law of the case,
and is thus objectionable and improper. *United States v. Beasley,*
2 F.3d 1551 (11th Cir.1993);  *Arrieta-Agressot v. United States,* 3
F.3d 525 (1st Cir.1993);  *United States v. Johnson,* 968 F.2d 768
(8th Cir.1992);  *United States v. Solivan,* 937 F.2d 1146 (6th
Cir.1991).  We caution counsel from employing arguments immaterial
to the defendant's guilt or innocence, especially when they appear
calculated to "shift the emphasis from evidence to emotion."
*United States v. Doe,* 903 F.2d 16, 25 (D.C.Cir.1990) (racial bias
appeal in prosecutor's closing argument was reversible error).[1]

[1]Citing to *United States v. Delgado,* 56 F.3d 1357 (11th
Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 404, 133 L.Ed.2d
323 (1995), *United States v. Zielie,* 734 F.2d 1447 (11th

In this case, however, the impact of the prosecutor's inappropriate comment was mitigated by the district court's curative instructions. *See United States v. Smith,* 918 F.2d 1551, 1562 (11th Cir.1990) ("Because statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered.") We find that the comments were not "prejudicial to a substantial right" of the defendant. *United States v. Beasley,* 2 F.3d 1551, 1560 (11th Cir.1993) (citations omitted). Therefore, the district court did not err in denying Gainey's motion for a new trial.

Finally, Gainey argues that the district court improperly determined his offense level under U.S.S.G. § 4B1.4 which authorizes an enhancement "if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense." U.S.S.G. § 4B1.4(b)(3)(A). Gainey contends that the loaded gun in his pocket fails to qualify as possession of a firearm "in connection with" his heroin offense. The government argues that the necessary nexus between the weapon and the drug offense is satisfied here because, when he was

---

Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964, 469 U.S. 1216, 105 S.Ct. 1192, 84 L.Ed.2d 338 (1985), and *United States v. Metz,* 608 F.2d 147, 158 (5th Cir.1979), the concurring opinion suggests that this circuit sanctions the type of comment made by the prosecutor in this case. However, these cases do not provide blanket permission for the government to make whatever comments it chooses regarding society's drug problems. The cited cases hold only that the comments *in those cases* did not constitute reversible error. Moreover, the thrust and tenor of those comments differ meaningfully from the prosecutor's comment in this case, which could be deemed as an invitation to consider "evidence" extraneous to the record.

arrested, Gainey had a loaded gun in his pocket and a container holding fifty-five capsules of heroin around his neck. This circuit has not squarely addressed the relationship that must exist between a firearm and a violent crime or controlled substance offense—that is, the meaning of the phrase "in connection with"—for purposes of § 4B1.4(b)(3)(A).

However, we look to a similar Guidelines provision, U.S.S.G. § 2K2.1(b)(5), for guidance. U.S.S.G. § 2K2.1(b)(5) provides for an increase in the base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ..." In *U.S. v. Whitfield,* 50 F.3d 947, 948-49 (11th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 234, 133 L.Ed.2d 163 (1995), this Court described the circuit-split in interpreting this phrase. Some circuits have held that the government must show that the weapon was possessed in a way that permitted an inference that it facilitated a defendant's felonious conduct. *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994); *United States v. Thompson,* 32 F.3d 1, 6 (1st Cir.1994); *United States v. Gomez-Arrellano,* 5 F.3d 464, 466-67 (10th Cir.1993). Other circuits have held that mere possession of a firearm in connection with another felony qualifies the defendant.[2] *United*

_____

[2]Some courts have blurred the distinction between these competing interpretations by holding that proximity of the gun to the defendant may be sufficient—if the gun is loaded and easily accessible to the defendant. *See United States v. Patterson,* 97 F.3d 192 (7th Cir.1996) (close proximity of gun to illicit drugs permitted inference that gun, possessed in past for facilitating drug offenses, was still possessed for that purpose); *United States v. Sturtevant,* 62 F.3d 33 (1st Cir.1995) (loaded weapon carried by defendant during the commission of an assault satisfied requirements of § 2K2.1(b)(5)).

*States v. Condren,* 18 F.3d 1190, 1197 n. 19 (5th Cir.), *cert. denied,* 513 U.S. 856, 115 S.Ct. 161, 130 L.Ed.2d 99 (1994); *United States v. Woods,* 1995 WL 428334, at *3 (6th Cir.1995). In *Whitfield,* this Court held that under either interpretation, the defendant would not prevail.

Similarly, we find that whatever the appropriate legal benchmark, the district court did not commit clear error in its factual finding that Gainey's weapon was used or possessed "in connection with" his heroin offense. In this case, the evidence supported the district court's inference. The police obtained a search warrant for Gainey's residence based on a controlled heroin buy by a confidential informant. When the officers entered the residence, Gainey was wearing a container of heroin around his neck. In his left pant's pocket, Gainey had placed a loaded gun, making it consistently and immediately accessible to him. In another pocket, the police found $377 in U.S. currency. Taken together, these facts are sufficient to establish that the presence of the gun potentially emboldened Gainey to undertake illicit drug sales. The district court did not err in determining Gainey's offense level under U.S.S.G. § 4B1.4(b)(3)(A).

AFFIRMED.

STANLEY S. HARRIS, Senior District Judge, specially concurring:

I concur in the result and in the remainder of the Court's opinion, but write separately to express my disagreement with the majority's treatment of alleged prosecutorial misconduct. During closing argument, the prosecutor said:

Mr. Gainey's residence was a drug den. He had the spoons. He

had the needles. He had the cut. He had the heroin around his neck, and he had the weapons. These are all tools of the drug trade.

Ladies and Gentlemen, we live here in South Florida and we are very familiar with it by now.

The majority takes the position that, because of defense counsel's objection and the trial court's curative instruction, the comment constituted harmless error.[1] Nevertheless, the majority discusses at some length its conclusion that the last sentence was "objectionable and improper." *See* Op. at ---- - ----. I believe that this case, in which the majority concludes that at worst there was harmless error, does not provide the appropriate vehicle for the majority's discussion of the subject.

More importantly, however, I do not consider the challenged sentence to have been improper—even absent a cautionary instruction. Initially, it is my opinion that the majority misinterprets the prosecutor's comment. The majority concludes that the above-quoted language somehow "draws upon widespread community fears about drugs, and implies that those fears can or should inform the process of assessing Gainey's guilt," and warns that "[a] jury cannot appropriately reason that a particular defendant is guilty based on media reports of rampant drug use coupled with the fact that the defendant is accused of a drug crime." Op. at ----. Thus, the majority interprets the phrase "we

---

[1]The majority conveys the impression that the government concedes there was error, but contends that it was harmless. That is not the case. The government first defended the comment as "an attempt to have the jury draw on their common experience," and then took the fall back position that in any event the trial judge did not abuse his discretion in denying the motion for a new trial because of the limiting instruction that was given. The term "harmless error" is not in the government's brief.

are very familiar with it" somehow to refer in an improperly inflammatory way to the societal problem of rampant drug use. [2] However, the antecedent of the word "it" is the prior reference to the specific evidence introduced in the case—the spoons, needles, heroin, and weapons—which the prosecutor appropriately discussed in order to draw upon the jurors' "common knowledge, observations and experiences in the affairs of life." [3] *United States v. Cruz-Valdez,* 773 F.2d 1541, 1546 (11th Cir.1985) (citations omitted), *cert. denied,* 475 U.S. 1049, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). As the majority observes, "jurors may use "common sense,' derived from the repetitive pattern of human behavior and experiences common to all of us." Op. at ----. The prosecutor appropriately could call upon this common knowledge (*i.e.,* that spoons, needles, heroin, and weapons are well known as tools of the drug trade) in making her case against the possessor of those objects.

Moreover, even if the majority's interpretation were correct, this Court has held that " "[r]eferences during closing argument to the drug problems of society and defendants' roles in such problems are not unduly prejudicial or excessively inflammatory.' " *United States v. Delgado,* 56 F.3d 1357, 1370 (11th Cir.) (quoting *United States v. Zielie,* 734 F.2d 1447, 1461 (11th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985)), *cert.*

---

[2] The prosecutor's observation that "we live here in South Florida" is both factual and unobjectionable.

[3] Assuming jurors to be without backgrounds including personal drug use or dealing, much of their "personal knowledge" is likely to be media-based. There is nothing wrong with that; the vast majority of what we know is learned other than by direct personal experience.

*denied,* --- U.S. ----, 116 S.Ct. 404, 133 L.Ed.2d 323 (1995); *see also United States v. Metz,* 608 F.2d 147, 158 (5th Cir.1979), *cert. denied,* 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980). Accordingly, I conclude that the prosecutor's comment, which manifestly was not improperly inflammatory, was not "inappropriate."[4]

---

[4]Assuredly I do not fault the trial judge's spur-of-the-moment decision to give a cautionary instruction, although the substance thereof was fully covered in the overall instructions to the jury. Often 'tis better to be safe than sorry, as the majority's treatment of the subject confirms.