[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13256

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00196-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

RICKY ADAMS GLASCO,
a.k.a. Rickie Adam Glasco,
a.k.a. Ricky Adams Glaso,
a.k.a. Ricky Adams Glascow,
a.k.a. Ricky A. Glasco,
a.k.a. Ricky Glasco,

                                                    Defendant-Appellant

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 15, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

Ricky Adams Glasco appeals his 100-month sentence imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

On appeal, Glasco raises four issues: (a) that the district court erred by applying U.S.S.G. § 2K2.1(a)(4) to increase the guidelines range because child abuse under Fla. Stat. § 827.04 (1994) is not a crime of violence; (b) that the district court erred when it applied a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(5) (2005) because the government presented no evidence that the firearm was used in connection with the underlying drug offense; (c) that the district court should not have used his prior convictions to enhance his sentence and requests us to reconsider our recent decisions that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), does not apply to prior convictions; and (d) that the 100-month sentence was unreasonable because there was no minimum mandatory sentence and the sentence imposed was greater than necessary to achieve the purposes of sentencing.

After carefully considering the briefs, reviewing the record on appeal, and having had the benefit of oral argument, we find no error on the part of the district court. Accordingly, we affirm Glasco's sentence.

## I. BACKGROUND

In July 2005, after a confidential informant made several controlled purchases of marijuana from Glasco, law enforcement officers executed a search warrant at Glasco's residence. Upon forced entry into a locked bedroom, they observed Glasco lying on a bed and reaching under the mattress. After removing Glasco, police found a loaded 9mm pistol under the mattress. They also found several kilograms of marijuana, digital scales, boxes of plastic baggies, marijuana wrappers, a pipe with marijuana residue, marijuana seeds, 9mm ammunition, and several thousand dollars in small denominations. Glasco stated that he needed the firearm for his protection and admitted that he was reaching for the gun when agents entered his bedroom. He later asserted that he did not know that the intruders were police officers and he reached for the gun because he thought that robbers had broken into his house.

After Glasco pled guilty, the probation officer calculated a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) on the ground that Glasco had already sustained a felony conviction for a crime of violence. In 1995, Glasco had pled

guilty to felony child abuse under Fla. Stat. § 827.04 (1994). The Pre-Sentence

Report ("PSR") summarized the offense in paragraph 41:

> [T]he defendant did commit physical child abuse on a one year old
> female by repeatedly striking her on the legs, buttocks and back. The
> defendant inflicted great bodily harm on the victim consisting of
> lacerations and abrasions requiring hospitalization of the victim. The
> defendant was initially charged with Aggravated Child Abuse By
> Willful Torture Or Malicious Punishment, but pled guilty to the lesser
> included offense of Child Abuse.

The probation officer applied a four-level increase for a specific offense

characteristic under U.S.S.G. § 2K2.1(b)(5) (2005), concluding that Glasco used or

possessed a firearm in connection with another felony offense (i.e., possession with

intent to distribute marijuana). After applying a three-level reduction for

acceptance of responsibility, Glasco's total offense level was 23 and his criminal

history category was VI. This translated into a guideline range of 92-115 months'

imprisonment.

Glasco filed written objections, including a challenge to the scoring under

U.S.S.G. § 2K2.1(a)(4)(A). In his sentencing memorandum, Glasco argued that

"Mr. Glasco's conviction for child abuse involving excessive discipline should not

be classified as a crime of violence." At least three times, the memorandum

referred to his prior conviction for child abuse as "involving the discipline of his

daughter." Glasco did not dispute the factual description of his prior felony

4

conviction contained in paragraph 41 of the PSR. In fact, Glasco cited paragraph 41 of the PSR in his sentencing memorandum to support his factual statement that "Mr. Glasco committed child abuse on his daughter, by excessive discipline." Glasco's memorandum went on to argue that

> [c]hild abuse is not specifically listed as a crime of violence under U.S.S.G. § 4B1.2(a)(1) and (2). Furthermore, even though child abuse may present a serious potential risk of physical injury, [counsel] has not been able to find any case in the Eleventh Circuit or any other circuit which holds that child abuse, under the statute involved herein or involving discipline, is a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A) . . . .

In other words, his lawyer argued that child abuse is not a crime of violence because it is not an enumerated felony and no prior cases have labeled it a crime of violence.

At the sentencing hearing, Glasco raised a specific objection to the PSR's "paragraph 27 characterizing paragraph 41 as a crime of violence." Throughout the sentencing hearing, the parties' arguments assumed that the child suffered physical injury because of the child abuse, requiring hospitalization. Glasco never disputed that the child suffered physical injury. Glasco's attorney did argue at different times during sentencing, however, that there was nothing in the plea colloquy or other state court documents that indicated that Glasco himself inflicted the injury on the child.

5

The district court overruled Glasco's objection, concluding that "[i]n . . . the underlying state case, the defendant was convicted of child abuse that involved severe injury to a child. I think that establishes that the government has met its burden of establishing that the defendant had sustained a felony conviction for a crime of violence." Glasco did not make any further objections.

The court then adopted the factual statements in the PSR. After having heard all of the parties' arguments and evidence, the district court found that a 100-month sentence was sufficient but not greater than necessary to punish Glasco for his crimes. The district court explicitly recognized that the guidelines were advisory and indicated that it had considered the 18 U.S.C. § 3553 factors and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

## II.  STANDARD OF REVIEW

While we accept the district court's factual findings unless clearly erroneous, we review the district court's interpretation of the sentencing guidelines *de novo*. *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005). We review the defendant's final sentence for reasonableness in light of the § 3553(a) factors. *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006).

## III.  DISCUSSION

A.    *Glasco's Prior Child Abuse Conviction Qualifies as a Crime of Violence for Purposes of U.S.S.G. § 2K2.1(a)(4)(A)*

6

Section 2K2.1(a)(4)(A) of the Sentencing Guidelines provides for a base offense level of 20 if the defendant was convicted of one of the various firearm offenses and has a prior felony conviction for a "crime of violence."  The Guidelines define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment
> for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of
> physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of
> explosives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

At the time Glasco pled guilty in state court, the Florida child abuse statute read:

> Whoever, willfully or by culpable negligence, deprives a child of, or
> allows a child to be deprived of, necessary food, clothing, shelter, or
> medical treatment, or who, knowingly or by culpable negligence,
> inflicts or permits the infliction of physical or mental injury to the
> child, and in so doing causes great bodily harm, permanent disability,
> or permanent disfigurement to such child, shall be guilty of a felony
> of the third degree . . . .

Fla. Stat. § 827.04(1) (1994).  Glasco pled guilty to this lesser included offense after the state brought charges against him for aggravated child abuse.  During the state plea colloquy, Glasco did not admit to specific acts on his part constituting child abuse.  He simply agreed that he violated the statute after the prosecutor read

7

the elements of the statute aloud.

At his sentencing in this case, Glasco did not object to paragraph 41 of the PSR which recounted the facts of his prior child abuse conviction.[1]  As paragraph 41 explains, the child victim was beaten so badly she had to be hospitalized.  At no time did Glasco challenge the fact that the child victim suffered severe physical injuries requiring hospitalization.  Thus, the district court concluded that "[Glasco] was convicted of child abuse that involved severe injury to a child."  Glasco did not object to this factual finding.

"It is the law of this circuit that a failure to object to allegations of fact in a PS[R] admits those facts for sentencing purposes."  *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).  Logically, therefore, a sentencing court may base its findings of fact on undisputed statements in the PSR.  *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam).  Any challenge to the facts contained in the PSR must be made with specificity and clarity.  *Id.*  "It is also established law that the failure to object to a district court's factual findings precludes the argument that there was error in them."  *Wade*, 458 F.3d at 1277.

Because Glasco did not object with specificity and clarity to the facts contained in paragraph 41 of the PSR, the district court's factual finding that

---

[1] While counsel for Glasco objected to paragraph 41 being labeled a "crime of violence," she did not make a factual objection to the contents of that paragraph.

Glasco's prior conviction involved severe injury to a child is not clearly erroneous. Furthermore, Glasco is precluded from arguing that this finding of fact is erroneous because he failed to object to it in the district court. While Florida's child abuse statute itself may be ambiguous, the factual description contained in the PSR makes it clear that the offense "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). Thus, the district court did not err in concluding that Glasco's prior child abuse conviction constituted a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(4)(A).

B.    *Glasco Possessed a Firearm in Connection with Another Felony for Purposes of U.S.S.G. § 2K2.1(b)(5) (2005)*

Glasco argues that the district court erroneously applied the four-level assessment under U.S.S.G. § 2K2.1(b)(5) (2005) because the record did not establish that he possessed the firearm in connection with another felony offense. Our case law does not require that the firearm directly facilitate the underlying offense in order for it to be possessed "in connection with" the offense. *See United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002). Glasco does not dispute that he sold marijuana to a confidential informant inside his residence on several occasions and that he reached for the pistol when law enforcement officers entered the residence to execute the search warrant. We have held that circumstances such as these support a finding that the defendant possessed a firearm in connection with

9

another felony for purposes of U.S.S.G. § 2K2.1(b)(5) (2005). *See United States v. Gainey*, 111 F.3d 834, 837 (11th Cir. 1997) (search warrant executed after controlled purchase of drugs from defendant's residence; drugs found and gun immediately accessible to defendant). Thus, the district court did not err in finding that Glasco possessed a firearm in connection with another felony offense.

C.    *The District Court Properly Considered Glasco's Prior Convictions in Calculating the Guidelines Range*

Glasco next contends that, in the absence of an admission or a jury finding, the district court violated his Sixth Amendment rights by considering his prior convictions in assessing enhancements under U.S.S.G. § 2K.1 and in calculating his criminal history under U.S.S.G. § 4A1.1. We are bound by the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). For our purposes, this means that a prior conviction need not be proven beyond a reasonable doubt even if the fact of conviction will increase the guidelines range. *See United States v. Martinez*, 434 F.3d 1318, 1323 (11th Cir. 2006) (per curiam). Furthermore, the district court does not err by making factual findings beyond the charges in the indictment under a preponderance of the evidence standard in order to calculate an advisory guidelines range. *See United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (per curiam). At Glasco's sentencing, the judge acknowledged that the guidelines were

10

advisory. Consequently, the district court did not err in considering Glasco's prior convictions for purposes of calculating the guidelines range.

D.     *Glasco's 100-month Sentence is Reasonable in Light of the 18 U.S.C. § 3553(a) Factors*

Finally, Glasco argues that his 100-month sentence is unreasonable because there is no minimum mandatory sentence and his sentence is greater than necessary to achieve the purposes of sentencing as outlined in 18 U.S.C. § 3553. The § 3553(a) factors guide our reasonableness inquiry. They include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). A sentence within a correctly calculated guidelines range is not per se reasonable, but we ordinarily expect that such a sentence would be reasonable and, therefore, place the burden of establishing unreasonableness on the party challenging the sentence. *Id.* at 787-88. The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record. *United States v. Scott*, 426 F.3d 1324, 1329

11

(11th Cir. 2005).

In Glasco's case, the district court correctly calculated the guideline range and chose to sentence Glasco at the midpoint of that range. The district court indicated that it considered the § 3553(a) factors and understood that the guidelines were advisory in nature. Glasco does not present any specific argument, other than that there was no minimum mandatory sentence, to explain why his sentence is unreasonable. Because Glasco failed to carry his burden on this issue, we conclude that Glasco's 100-month sentence was reasonable in light of the § 3553(a) factors.

## IV. CONCLUSION

Because the district court did not err in calculating the guidelines range and because a 100-month sentence is reasonable in light of the considerations in 18 U.S.C. § 3553, we affirm Glasco's sentence.

**AFFIRMED.**