[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11446
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20766-ASG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARNESTO SEGREDO,
a.k.a. Arnold Segredo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 13, 2011)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Arnesto Segredo appeals his convictions for conspiracy to engage in and

causing others to engage in the unlicensed wholesale distribution of prescription drugs, 18 U.S.C. § 371; 21 U.S.C. §§ 331(t), 333(b)(1)(D), 353(e)(2)(A), 333(b)(1)(D), and causing the unlicensed wholesale distribution of prescription drugs on October 2, 2002, id. §§ 331(t), 333(b)(1)(D), 353(e)(2)(A). Segredo argues that his indictment was deficient, there is insufficient evidence to support his convictions, the prosecutor's closing argument was improper, and the district court erred in instructing the jury. We affirm.

Segredo's indictment sufficiently alleged his crime of conspiracy. Segredo was charged with conspiring to engage in and "causing," id. § 331(t), others to "engage in the wholesale distribution . . . of drugs" without a license, id. § 353(e)(2)(A). The indictment described how Segredo obtained large quantities of prescription drugs from his three coconspirators whom he knew lacked licenses to distribute those drugs and how Segredo guided the activities of his coconspirators. Segredo contends that the indictment refers to him as a "purchaser" and bars his prosecution for distributing, but the indictment described in detail how Segredo maintained "regular and frequent contact" with his coconspirators, instructed them to relabel and package drugs, and advised them about shipping routes and licensure. See United States v. Munoz, 430 F.3d 1357, 1366 (11th Cir. 2005). Segredo also contends that the rule of lenity requires that we interpret the

Prescription Drug Act to bar a purchaser from being prosecuted as a distributor, but his argument ignores that the Act prohibits an individual from "causing," 21 U.S.C. § 331(t), others to distribute pharmaceuticals without a license. The Act does not delimit who can "cause" an unlawful distribution. "Lenity . . . serves only as an aid for resolving an ambiguity[,] . . . not to . . . beget one." Albernaz v. United States, 450 U.S. 333, 342, 101 S. Ct. 1137, 1144 (1981). The district court did not err by denying Segredo's motion to dismiss his indictment.

The district court did not err by denying Segredo's motion to acquit him of the conspiracy charge, which is supported by ample evidence. One of Segredo's coconspirators, Arnie List, testified about Segredo's involvement in the unlicensed distribution of the prescription drugs. List testified that Segredo controlled the content and routes of the shipments by instructing List how to remove pharmacy labels from boxes using acetone; directing List to pack with the drugs copies of the wholesale drug license and "intercompany shipment labels" of Segredo's company to make the packages appear to be inter-company transfers of drugs; and warning List about mailing packages from Los Angeles because of the inspections performed at its airport. List also described how Segredo became involved in List's business operations by convincing List to end his relationship with coconspirator Ofer Lupovitz; recommending how to structure bank transactions to

3

avoid financial reporting requirements; advising List how to obtain a license in Vermont; and reviewing List's lease agreement for office space in Vermont. List also testified that Segredo tried to preserve and protect the conspiracy after its discovery by the Food and Drug Administration by offering to "loan" List $500,000 to "relocate to a tranquil area."

Segredo argues that he was wrongfully prosecuted for causing List to distribute prescription drugs in October 2002 and for conspiring with List because List had obtained a distributor license in Vermont, but these arguments fail. The Act prohibits a person from distributing prescription drugs wholesale "in a State unless such person is licensed by the State." 21 U.S.C. § 353(e)(2)(A). Segredo argues that because "List was from Vermont, was licensed in Vermont . . ., and leased office space in Vermont . . ., List 'offered to sell' or offered to deliver' . . . out of Vermont . . .," but the record does not support Segredo's argument. List testified that he conducted business with Segredo "through the end, through October, 2002" in California without a license. Segredo makes a related argument that the October transactions were legal and could not serve as the overt acts from which to run the five-year statute of limitation to indict him for conspiracy, but the record establishes that Segredo's indictment was timely. See United States v. McNair, 605 F.3d 1152, 1213 (11th Cir. 2010). Because List distributed

4

prescription drugs illegally on October 2 and October 24, 2002, the prosecution timely obtained an indictment charging Segredo with conspiracy on September 25, 2007.

Segredo also argues that the district court plainly erred by permitting the prosecutor during closing arguments to discuss the Prescription Drug Marketing Act and by mentioning the Act in its instructions to the jury, but we disagree. To constitute plain error, the argument of the government must be misleading or "appeal to the jury's passion or prejudice," United States v. Rodriguez, 765 F.2d 1546, 1560 (11th Cir. 1985), to the extent that it "invites the jury to judge the case upon standards and grounds other than the evidence and law of the case," United States v. Gainey, 111 F.3d 834, 836 (11th Cir. 1997). The government made three brief statements explaining the purpose and operation of the Act, and those remarks were informative, not inflammatory. Later, when the district court asked Segredo if he had any objection to the "add[ition of] a discussion of the Prescription Drug Marketing Act," Segredo responded, "I don't object to it." Segredo waived his complaint to the jury instruction. See United States v. Fulford, 267 F.3d 1241, 1247 (11th Cir. 2001). There was no error, plain or otherwise, in the discussion of the Act at trial.

We **AFFIRM** Segredo's convictions.