[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13015
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00413-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAVAR BRAND,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 13, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Shavar Brand, through counsel, appeals his 188-month sentence, imposed

pursuant to the armed career criminal provisions of U.S.S.G. § 4B1.4, after he

pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), distributing 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Brand argues that the district court committed procedural error because it miscalculated his offense level and criminal history category under U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2).  After thorough review, we affirm.

Because Brand did not specifically object to the district court's application of U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2) at the sentencing hearing, we review for plain error his sentencing arguments raised for the first time on appeal.  United States v. Beckles, 565 F.3d 832, 842 (11th Cir. 2009).  To demonstrate plain error, the defendant must establish that (1) there is an error; (2) that is plain; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  Id.  In order to be plain enough for the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court.  United States v. Rodriguez, 627 F.3d 1372, 1381 (11th Cir. 2010); see also United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) (stating that, when the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there

2

is no precedent from the Supreme Court or this Court directly resolving it).  The defendant loses under the third prong if the effect of the error on the result is uncertain or indeterminate, such as where this Court would have to speculate.  United States v. Rodriguez, 398 F.3d 1291, 1301, 1306 (11th Cir. 2005).  A failure to object to a PSI's factual allegations admits those facts for sentencing purposes and precludes the argument that they contained errors.  See Beckles, 565 F.3d at 843-44.

A defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) is an armed career criminal.  U.S.S.G. § 4B1.4(a).  An armed career criminal's offense level is the greatest of: (1) the offense level applicable from Chapters Two and Three; or (2) the offense level from § 4B1.1 (Career Offender) if applicable; or (3)(A) 34, if the defendant used or possessed the firearm in connection with a controlled substance offense, as defined in § 4B1.2(b); or (3)(B) 33, otherwise.  Id. § 4B1.4(b).  An armed career criminal's criminal history category is the greatest of (1) the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or (2) Category VI, if the defendant used or possessed the firearm in connection with a controlled substance offense, as defined in § 4B1.2(b); or (3) Category IV.  Id. § 4B1.4(c).

We have given an expansive construction to § 4B1.4(b)(3)(A)'s phrase "in connection with" and rejected the more restrictive "facilitation test," i.e., that the

3

firearm had to facilitate the other felony offense.  United States v. Young, 115 F.3d 834, 836-38 (11th Cir. 1997).  Likewise, we have given an expansive interpretation to the phrase "in connection with" as contained in other guideline sections, and refused to require that the firearm facilitate the other felony offense.  See, e.g., United States v. Rhind, 289 F.3d 690, 695-96 (11th Cir. 2002) (addressing former § 2K2.1(b)(5)); United States v. Matos-Rodriguez, 188 F.3d 1300, 1308-09 (11th Cir. 1999) (addressing former § 2B5.1(b)(3)).  In interpreting the analogous phrase in former § 2K2.1(b)(5), we said that an enhancement under that section may be applied when the two felony offenses are for different conduct, but are committed contemporaneously.  United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001).  Moreover, in certain circumstances, mere possession of a firearm can be enough to apply the § 2K2.1(b) enhancement.  Id.  We have also upheld as not clearly erroneous a § 4B1.4(b)(3)(A) enhancement where the defendant had heroin, a gun, and $377 on his person at the same time.  United States v. Gainey, 111 F.3d 834, 837 (11th Cir. 1997).

In light of our expansive interpretation of the phrase "in connection with," Brand cannot show that the district court plainly applied the wrong legal standard or proceeded without an adequate factual basis in determining his offense level and criminal history category under U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2).  The presentence investigation report's unchallenged facts established that Brand had

4

sold cocaine base <u>and</u> a firearm to an undercover officer in the same transaction, thereby fulfilling the parties' earlier agreement.  The firearm sale thus constituted an essential part of that particular drug sale.  Although Brand's firearm possession need not have facilitated the drug offense, the firearm sale may have facilitated the drug sale by allowing Brand to become a single source for crack and firearms, or facilitated his relationship with the undercover detective, a known drug buyer.  The district court did not plainly err in concluding that Brand possessed the firearm "in connection with" his controlled substance offense pursuant to § 4B1.4(b)(3)(A) and (c)(2).

**AFFIRMED.**

MARTIN, Circuit Judge, concurs in result.