
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILIP JACKSON LYONS,

    Plaintiff - Appellant,

    v.

JAY BARTH; SANTERREN WARD;
PAUL LUNKWITZ,

    Defendants - Appellees.

No. 13-16656

D.C. No. 3:05-cv-00400-JCM-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 17, 2015
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and MORRIS,[**] District
Judge.

    Philip Lyons, who is in the custody of the Nevada Department of

Corrections, appeals from the judgment issued by the district court in favor of

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]The Honorable Brian M. Morris, District Judge for the U.S. District Court
for the District of Montana, sitting by designation.

prison officers Jay Barth, Santerren Ward, and Paul Lunkwitz (collectively "the Officers"). The judgment was issued after a jury verdict on Lyon's 42 U.S.C. § 1983 claims against the Officers. The jury found in their favor on Lyons' assertion that they had violated his free speech rights under the First Amendment to the United States Constitution by retaliating against him. We affirm.

(1) Lyons first asserts that the district court abused its discretion[1] when it limited testimony regarding his claim that the Officers had retaliated against him after he exercised his First Amendment rights by filing an emergency grievance and demanding a written response to that request.[2] We agree with Lyons that the district court erred to the extent that it suggested that all testimony about any use of force was irrelevant. That leaves the question of whether Lyons suffered prejudice as a result. *See* Fed. R. Civ. P. 61; Fed. R. Evid. 103(a); *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005).[3] On the record before us, we are satisfied that

---

[1]*See United States v. 4.85 Acres of Land*, 546 F.3d 613, 617 (9th Cir. 2008); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[2]*See Rhodes v. Robinson*, 408 F.3d 559, 567–68 & n.11 (9th Cir. 2005) (listing the elements of a retaliation claim).

[3]Our case law appears to be in conflict over whether reversal follows when the verdict was more probably than not untainted or when the verdict was more probably than not tainted. *Compare Microsoft Corp. v. Motorola, Inc.*, 795 F.3d

(continued...)

Lyons was not prejudiced. The district court did not, in fact, strike or exclude evidence that had already been heard regarding the reasons for and fact of his removal from his cell. More importantly, evidence on that subject came in later from both Lyons and from his cellmate-witness, who also testified about the Officers' actions in removing Lyons from the cell. In addition, an officer testified about the steps he took to remove Lyons and his reasons for doing so.[4] In short, it is more probable than not that the jury would have reached the same verdict with or without the court's somewhat overbroad statement.

(2) Lyons next asserts that the district court erred when it prevented him from calling a witness for his case-in-chief. We disagree. In fact, Lyons' counsel raised the issue in the midst of the trial, but had not taken steps to have the witness available. He complained that opposing parties (the Officers) had not made the witness available. When the court asked why the burden would be upon the opposing parties, counsel withdrew his complaint. We perceive no abuse of discretion. *See Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S. Ct. 1610, 1616, 75 L.

---

[3](...continued)
1024, 1052 (9th Cir. 2015), *with Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). In any event, the results here would be the same on either test, so we need not resolve any conflict. *See Molina v. Astrue*, 674 F.3d 1104, 1119, n.11 (9th Cir. 2012).

[4]*See Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980).

3

Ed. 2d 610 (1983); *United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir. 1999) (en banc).

(3)     Lyons next argues that the district court erred when it informed the jury that "a prisoner does not have a constitutional right to a particular grievance procedure," and that therefore, an officer may not be individually liable under § 1983 based on "the mere denial of a grievance because inmates have no legitimate claim of entitlement to a grievance procedure."  Those are accurate statements of Fourteenth Amendment law, and refer to the due process rights of prisoners.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (per curiam).  But absent further explanation they were not accurate statements of the law to be applied in this First Amendment case.  Thus, those jury instructions were erroneous in that they presented the jury with inapplicable and potentially misleading law.  We do not reverse, however, because the error did not prejudice Lyons.  *See Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013).  The jury appears to have credited the Officers' testimony over Lyons' so we do not believe that the verdict would have been different without these instructions.

(4)     Lyons finally argues that we must reverse because the district court erred in giving certain instructions regarding the "adverse action" element of a

4

retaliation claim. *Rhodes*, 408 F.3d at 567. We do not agree. Lyons did not object to the instructions in question. Therefore, we review them for plain error. *See* Fed. R. Civ. P. 51(d)(2); *C.B. v. City of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc), *cert. denied* __U.S.__ , 135 S. Ct. 1482, 191 L. Ed. 2d 371 (2015). And to obtain relief in this civil case, Lyons must show more than a mistake. He must point to an error that actually reaches "'the pinnacle of fault.'" *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002); *see also C.B.*, 769 F.3d at 1018. That is a *rara avis*. *See Hemmings*, 185 F.3d at 1193. This case is not.

Lyons complains about an instruction that informed the jury that an adverse action must be "clearly adverse." He says that the case law provides that it must be adverse and that the court erred when it added the adverb "clearly." We agree that while the facts of some cases do show clear adversity,[5] we have merely held that the action must be adverse, not that it must be clearly so.[6] We see no reason to muddy the waters by adding that adverb. Perhaps we could also hold that the error was obvious, although that is somewhat dubious, especially in light of the fact that the instruction in question was specifically discussed at conference and Lyons'

---

[5] *See, e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1170–71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003).

[6] *See Rhodes*, 408 F.3d at 567.

counsel expressly agreed to it. But, even assuming that it was obvious, we cannot say that it affected Lyons' substantial rights. The adverb itself adds little more than an underscore to the idea that the Officers' alleged actions had to be enough to chill a person of ordinary firmness and could not be a mere eidolon. Here, however, if Lyons' evidence were believed by the jury, the adverse nature of the action was certainly clear. At the very least, we must say that the error did not reach that pinnacle of fault that calls for a reversal on civil-plain-error review.

Lyons goes on to complain about the part of an instruction which indicates that prisoners "may be required to tolerate more" than non-prisoners before an action by the authorities would be considered adverse—chilling. But the very status of being a prisoner necessarily means that just as the rights themselves are limited,[7] actions taken which might seem chilling to non-prisoners are much more routine (and not chilling) to a prisoner of ordinary firmness. Here, for example, if the Officers are believed, Lyons had to be removed from his cell for a time in order to assure a proper consideration of his grievance.[8] Necessary removal procedures are not necessarily pleasant. Yet, in prison they may well not be chilling—just a

---

[7]*See Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261–62, 96 L. Ed. 2d 64 (1987); *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015).

[8]If they were not believed, it is highly unlikely that the jury would have found in their favor.

normal way of bringing a prisoner from one place (a cell) to another place (an office). Thus, we see no error, much less a plain error, and even less an error that reaches the pinnacle.

AFFIRMED.