[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10969
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20591-KMW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARISOL GARCIA,
a.k.a. Marisol Verguizas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Marisol Garcia appeals her conviction for possession of a firearm and

ammunition by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1).  On appeal,

Garcia argues that the district court erred by (1) limiting the scope of the cross-examination of a key government witness, (2) denying her motion for judgment of acquittal or in the alternative for a new trial and, (3) denying her motions for mistrial based on improper comments in closing arguments and false testimony. After a careful review of the record and the parties' briefs, we affirm.

## I.

First, Garcia challenges the district court's limit of the cross-examination of the key government witness, Cesar Quirgo. At trial, Quirgo testified that he was shot in the leg by Garcia's boyfriend with a gun obtained from Garcia's purse after Garcia yelled "shoot him". Quirgo testified that the purse from which the gun was obtained was on Garcia's right shoulder, that Garcia lifted up her purse and her boyfriend reached in and grabbed the gun. Although Quirgo testified that he had been convicted of a felony four times and was currently on probation, the district court limited the scope of Quirgo's cross-examination to preclude inquiry into the hypothetical and speculative sentences Quirgo might face for violating his probation. The district court also prevented inquiries into the nature of his four underlying convictions and any likelihood that he would in fact receive a life sentence.

We review whether a district court "improperly limited the scope of

2

[a] cross-examination for a clear abuse of discretion." *United States v. Maxwell*, 579 F.3d 1282, 1295 (11th Cir. 2009). While the district court has the discretion to constrain cross-examination "th[at] discretion is limited by the guarantee of the Sixth Amendment's Confrontation Clause [which gives] a criminal defendant . . . the right to cross-examine prosecutorial witnesses." *Id.* And, because the cross-examination of important government witnesses is critical, there is "a presumption favor[ing] free cross-examination [to elicit] possible bias, motive, ability to perceive and remember, and general character for truthfulness." *Id.* at 1295–96 (internal quotation mark omitted).

"The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." *United States v. Garcia*, 13 F.3d 1464, 1469 (11th Cir. 1994). But as long as the cross-examination permits defendant's counsel to expose "the jury to facts sufficient to evaluate the credibility of the witness and . . . establish a record [in order to] properly . . . argue why the witness is less than reliable," the test is satisfied. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994).

Even so, trial judges still retain wide latitude "to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is

3

repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986).

The district court did not abuse its discretion by limiting the scope of cross-examination, thereby preventing Garcia's counsel from asking whether Quirgo could face a possible a life sentence if a probation violation were established. Garcia's counsel was still able to expose Quirgo's possible bias—without relying on speculation—when it was permitted to ask whether there was any danger of a probation violation for which jail time was a possibility. *See Maxwell*, 579 F.3d at 1295–96. Garcia's counsel was also permitted to question Quirgo about his four prior felony convictions and drug use the night of the incident. As such, the jury was exposed to facts to aid in its evaluation of Quirgo's credibility and Garcia's counsel was also able to establish a record from which Quirgo's reliability could be questioned. *See Baptista-Rodriguez*, 17 F.3d at 1371. Furthermore, the prohibited line of questioning did not prevent the jury from receiving a "significantly different impression" of Quirgo's credibility than it would have if Garcia's counsel had been able to pursue the proposed line of questioning. *See Garcia*, 13 F.3d at 1469.

## II.

Second, Garcia challenges the sufficiency of the evidence in attacking the district court's denial of her motion for judgment of acquittal or in the alternative, a motion for new trial based on the weight of the evidence. In essence, Garcia

4

contends that she had no motive to ask her boyfriend to shoot Quirgo.  Garcia argues that Quirgo's statement at trial contradicted his statement to police on the night of the incident, and that there was conflicting testimony from other witnesses who said that she had no purse or gun when Quirgo was shot.

In a ruling on a motion for judgment of acquittal, we must determine "whether there is substantial evidence from which a jury could reasonably find the defendant[] guilty beyond a reasonable doubt."  *United States v. Gregory*, 730 F.2d 692, 706 (11th Cir. 1984).  We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in the jury verdict's favor.  *United States v. Robertson*, 493 F.3d 1322, 1329 (11th Cir. 2007).

And in reviewing the decision to grant or deny a motion for new trial based on the weight of the evidence, we defer to the discretion of the trial court.  *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  "[A] court need not view the evidence in the light most favorable to the verdict," but the evidence must not "preponderate" so heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.  *Id*.

The district court did not err when it denied Garcia's motion for judgment of acquittal, and her motion for a new trial.  To sustain a conviction for possession of a firearm and ammunition by a convicted felon, the government had to prove that

5

(1) Garcia knowingly possessed the firearm, (2) the firearm traveled in interstate commerce, and (3) that Garcia was a convicted felon. *See* 18 U.S.C. § 922(g)(1); *see also United States v. Deleveaux*, 205 F.3d 1292, 1296–97 (11th Cir. 2000). Both the sufficiency and the weight of the evidence was enough to sustain Garcia's conviction. It was within the jury's discretion to credit the testimony at trial that Garcia told her boyfriend to shoot Quirgo and that Quirgo was then shot by her boyfriend, after she opened her purse so that the boyfriend could retrieve the firearm stored inside of it.

## III.

Finally, Garcia argues that the district court erred in denying her request for mistrial based on prosecutorial misconduct given inappropriate comments during closing arguments and false testimony. Specifically, Garcia contends that the government argued false testimony in closing argument, appealed to the conscience of the community, and improperly asked the jury to convict her on behalf of the people of the United States.

"We will not reverse a district court's refusal to grant a mistrial unless an abuse of discretion has occurred." *United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994) (per curiam). However, we review "prosecutorial misconduct claim[s] de novo because it is a mixed question of law and fact." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). "We give considerable weight to

6

the district court's assessment of the prejudicial effect of the prosecutor's remarks and conduct." *United States v. Herring*, 955 F.2d 703, 710 (11th Cir. 1992).

Prosecutorial misconduct is established when the remarks are improper, and have a prejudicial effect on the substantial rights of the defendant. *Eckhardt*, 466 F.3d at 947. "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.* Furthermore, a curative instruction may render prosecutorial misconduct harmless. *See Herring*, 955 F.2d at 710. And "[w]hen the record contains sufficient independent evidence of guilt, any error is harmless." *Eckhardt*, 466 F.3d at 947.

Garcia argues that the prosecutor made appeals to the conscience of the community during closing and used, or failed to correct, false testimony. "Appeals to the jury to act as the conscience of the community, unless designed to inflame the jury, are not per se impermissible." *United States v. Kopituk*, 690 F.2d 1289, 1342–43 (11th Cir. 1982). Moreover, while the knowing use of false or perjured testimony is a violation of due process, a prior statement that is merely inconsistent with a government witness's testimony is insufficient to establish prosecutorial misconduct. *See United States v. Michael*, 17 F.3d 1383, 1385 (11th Cir. 1994). Finally, a curative instruction that counsel's statements are not evidence, can uphold a denial of a motion for a mistrial. *See United States v. Gainey*, 111 F.3d

834, 836–37 (11th Cir. 1997); *United States v, Rodriguez*, 765 F.2d 1546, 1560 (11th Cir. 1985).

The district court did not abuse its discretion by denying the motion for a mistrial based on improper closing arguments or purported false testimony.  The district court provided curative instructions throughout the trial when it admonished the jury that counsels' statements are not evidence and that only the jury can recall what the testimony was.  Furthermore, any inconsistent testimony was not prejudicial to Garcia, nor did it not amount to perjury, because Garcia had the opportunity to show the inconsistency and the jury had the information necessary to make decisions.  *See United States v. McNair*, 605 F.3d 1152, 1211 (11th Cir. 2010).  Accordingly, we affirm.

**AFFIRMED.**