United States Court of Appeals,

Eleventh Circuit.

No. 94-3594.

UNITED STATES of America, Plaintiff-Appellee,

v.

James R. YOUNG, Defendant-Appellant.

June 20, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-01036, Maurice M. Paul), Judge.

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant James R. Young ("Young") appeals his conviction and sentence imposed by the district court for violation of 18 U.S.C. § 922(g) and § 924(e) (unlawful possession of a firearm). The district court sentenced Young to 262 months incarceration based on an offense level of 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). Upon review of the record, we affirm Young's conviction and sentence.

BACKGROUND

The prosecution of Young resulted from the Gainesville, Florida, police department's search for Kristi S., a fourteen-year-old runaway. When the police finally located Kristi S., she informed them that she had been staying with Young at his apartment. Kristi S. told the police that while she was at Young's apartment, she noticed guns in his attic. She observed a rifle in a canvas case and a handgun in a cardboard box.

The police conducted a criminal history check of Young and learned that he was a convicted felon. Based on this information, the police obtained a search warrant for Young's apartment. During the search, they discovered the rifle in Young's attic inside a zippered case as Kristi S. had described. The police also located the cardboard box, but the handgun was not inside. While conducting the search, the police realized that Young was hiding in the attic. Concerned that Young might be armed with the missing handgun, the police called a SWAT team to the scene. Young then

came down from the attic and the police took him into custody.

The government charged Young with being a felon in possession of a firearm.  During the trial, the government presented the testimony of James Anderson, whose home had been burglarized and from whom a rifle was stolen.  Mr. Anderson identified his stolen rifle as the rifle discovered in Young's attic.  The government also presented evidence that Young's fingerprints had been found at the point of entry of the burglary of the Anderson home.  The court cautioned the jury to consider this evidence only in relation to Young's knowledge of and possession of the gun.  Following the trial, the jury returned a verdict of guilty.  Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the district court sentenced Young to 262 months incarceration.

## ISSUES

Young presents several issues for appellate review:  (1) whether the search warrant for Young's home was invalid;  (2) whether the district court erred in admitting evidence about Young's prior crimes;  (3) whether the district court erred in sentencing Young as a career criminal under U.S.S.G. § 4B1.4(b)(3)(A);  and (4) whether the statute under which Young was convicted, 18 U.S.C. § 922(g)(1), is unconstitutional.

## DISCUSSION

Having conducted a thorough review of the record, we summarily affirm the district court's rulings on the validity of the search warrant and the admission of the evidence of Young's prior crimes.[1]  Young's argument regarding the constitutionality of 18 U.S.C. § 922(g) is foreclosed by this court's recent decision in *United States v. McAllister,* 77 F.3d 387, 389-90 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996).  The final issue presented by Young—whether the district court erred in sentencing him as an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(A) because Young's possession of the firearm was not "in connection with" the burglary—merits discussion.

We review a sentencing court's findings of fact for clear error and review its application of the law to the facts *de novo.  United States v. Ramsdale,* 61 F.3d 825, 831 (11th Cir.1995).  We hold

---

[1]See 11th Cir.R. 36-1.

that the district court did not err in sentencing Young as an armed career criminal because the firearm stolen in the burglary *was* possessed "in connection with" that burglary. Therefore, we affirm Young's sentence.

We begin our analysis by focusing on the wording of U.S.S.G. § 4B1.4(b)(3)(A), which states:

> (b) The offense level for an armed career criminal is the greatest of:
>
> ....
>
> (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in § 4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)[ ]; or
>
> ....

U.S.S.G. § 4B1.4(b). This section does not define possession "in connection with a crime of violence." In the absence of any guideline definition, we must construe the phrase according to its ordinary and natural meaning. *See Smith v. United States,* 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). "[T]he meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.,* 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991).

The Government urges this court to give the term "in connection with" a literal interpretation. Under the Government's interpretation, the enhancement under § 4B1.4(b)(3)(A) was appropriate because Young did possess the firearm during the commission of the burglary.[2] Thus, giving the phrase its ordinary meaning, Young possessed the firearm in connection with a crime of violence—a burglary—whether he entered the dwelling with the firearm or later obtained the firearm while in the dwelling.

Our circuit has addressed the "in connection with" language used in U.S.S.G. § 4B1.4(b)(3)(A) and U.S.S.G. § 2K2.1(b)(5) in two cases. *See United States v. Gainey,* 111 F.3d 834 (11th Cir. 1997); *United States v. Whitfield,* 50 F.3d 947, 948 (11th Cir.), *cert. denied,* --- U.S. ----,

---

[2]The indictment charged that James R. Young ... "did knowingly possess in and affecting commerce, a firearm described as a Remington bolt action rifle, Model 700, 270 caliber, serial number A6632175, and rounds of .22 caliber ammunition, which had been transported in interstate commerce in violation of Title 18, United States Code, Sections 922(g), and 924(e)."

116 S.Ct. 234, 133 L.Ed.2d 163 (1995). In both cases we compared the varying approaches applied by other circuits (i.e., "possession"[3] or "facilitation"[4] tests), but found that the facts of both cases did not require us to adopt either test because the sentences imposed by the district courts were not in error. *Gainey,* at 837; *Whitfield,* 50 F.3d at 949.

In *Smith,* the Supreme Court held that a defendant who trades a firearm for cocaine *uses* the firearm in relation to a drug offense even though he did not "use it for its intended purpose." 508 U.S. at 229-30, 113 S.Ct. at 2055. The Court noted that "[i]t is one thing to say that the ordinary meaning of "uses a firearm' *includes* using a firearm as a weapon ... [b]ut it is quite another to conclude that, as a result, the phrase also *excludes* any other use." *Id.* at 230, 113 S.Ct. at 2054. The Court acknowledged that using a firearm as a medium of exchange was not the expected manner of use but determined that section 924(c)(1)'s language "sweeps broadly, punishing any "us[e]' of a firearm, so long as the use is "during and in relation to' a drug trafficking offense." *Id.* at 229, 113 S.Ct. at 2054. *Smith* persuades us that the possession of a firearm "in connection with" a crime of violence does not exclude possession of the firearm as the fruit of the crime which the possessor is contemporaneously committing.

An analogous case is *United States v. Guerrero,* 5 F.3d 868 (5th Cir.1993), *cert. denied,* 510 U.S. 1134, 114 S.Ct. 1111, 127 L.Ed.2d 422 (1994). The defendant in *Guerrero* pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), and to possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court sentenced the defendant as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(A). On appeal, Guerrero argued that the district court erred in imposing a base offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A) based on its finding that he possessed the firearms in connection with a

---

[3]See *United States v. Condren,* 18 F.3d 1190, 1197 n. 19 (5th Cir.), *cert. denied,* 513 U.S. 856, 115 S.Ct. 161, 130 L.Ed.2d 99 (1994) ("[T]he enhancement is required not only for *use,* but also simply for *possession,* of a firearm in connection with another felony.").

[4]See *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994) ("[The Government] must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.,* had some potential emboldening role in—a defendant's felonious conduct.").

crime of violence—burglary of a habitation. Guerrero did not object to this finding in the district court, so the appellate court reviewed the district court's finding for plain error.

Guerrero argued that he could not have possessed the firearms in connection with the burglary because he remained outside the house as a lookout. The appellate court rejected his argument for two reasons. First, the evidence established that Guerrero actively participated in the burglary by prying open the back door and breaking into the gun cabinet. Second, the court reasoned that even if Guerrero remained outside the residence, he could still be responsible for the criminal acts of his cohort. *See* U.S.S.G. § 1B1.3(a)(1)(A) and (B). Thus, the court noted, it would not be plain error to hold Guerrero accountable for the possession of the firearms by his confederate.

Additionally, and more importantly for our purposes, the Fifth Circuit discussed the "in connection with" language in U.S.S.G. § 4B1.4(b)(3)(A). Relying on the Supreme Court's decision in *Smith,* the court construed the phrase according to its ordinary and natural meaning. The court noted that "[t]he Supreme Court reads terms such as "used or possessed' quite expansively in the context of firearms." *Guerrero,* 5 F.3d at 872. The Fifth Circuit examined the guidelines for enhancing drug offenses where the defendant possessed a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1), and concluded that the rationale for U.S.S.G. § 2D1.1(b)(1), as expressed in the commentary[5], was equally applicable to a crime of violence such as a burglary of a residence. "Possession of firearms obviously increases the *danger of violence* whether or not such weapons are actually used. If armed burglars encounter the occupants of a home or law enforcement officials, it makes little difference how the burglars obtained their firearms." *Guerrero,* 5 F.3d at 873.

We find the Fifth Circuit's reasoning persuasive. As in *Guerrero,* Young was sentenced as an armed career criminal based on his unlawful possession of a firearm rather than his participation in the burglary by which the firearm was obtained. The one-point enhancement in section 4B1.4(b)(3)(A) for possession of the firearm "in connection with" a crime of violence merely

---

[5]U.S.S.G. § 2D1.1, comment. (n.3), states in relevant part: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

reflects the context of Young's possession of the firearm: the commission of a burglary.

The one distinguishing fact between the present case and *Guerrero* is that Young obtained the firearm more than a year before he was charged with violations of 18 U.S.C. § 922(g) and § 924(e). However, the Government presented evidence that the rifle possessed by Young was stolen from Mr. Anderson's home; that Young's fingerprints were found on the windowsill of Mr. Anderson's home where the burglar made his entrance; that the exterminator who sprayed Young's apartment saw the rifle in Young's attic several months after the burglary; and that Kristi S. saw the rifle in the attic on two separate occasions following the burglary. This evidence is sufficient to place Young at Anderson's residence on the date of the burglary.

Young urges this court to adopt, by analogy, the reasoning of other circuits which have addressed the "in connection with" language in U.S.S.G. § 2K2.1(b)(5)[6]. These circuits hold that the "in connection with" language requires more than mere use or possession. These circuits hold that the "in connection with" requirement is satisfied only when the firearm serves a purpose related to the crime; its presence or involvement must not be the result of accident or coincidence. *United States v. Wyatt,* 102 F.3d 241, 247 (7th Cir.1996); *United States v. Nale,* 101 F.3d 1000, 1003 (4th Cir.1996); *United States v. Thompson,* 32 F.3d 1, 7 (1st Cir.1994); *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994); *United States v. Gomez-Arrellano,* 5 F.3d 464, 466-67 (10th Cir.1993). These cases applied the definition of "in relation to" in 18 U.S.C. § 924(c)[7], as interpreted by the Supreme Court in *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 2058, 124 L.Ed.2d 138

---

[6]U.S.S.G. § 2K2.1(b)(5) states:

> (5) If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels....

[7]18 U.S.C. § 924(c)(1) provides in part:

> (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, ....

(1993), and held that a weapon is used "in connection with" an offense under § 2K2.1 if the weapon facilitated or potentially facilitated the felonious conduct. *Thompson,* 32 F.3d at 7; *Routon,* 25 F.3d at 819; *Gomez,* 5 F.3d at 466-67.

We conclude that the Fifth Circuit's interpretation of *Smith* is more accurate and pertinent to the issue presented here. Accordingly, we decline to follow the other circuits' rationales which defined the language of U.S.S.G. § 2K2.1. We note that the Fifth Circuit is the only circuit to interpret the *specific* language of U.S.S.G. § 4B1.4(b)(3)(A), which is at issue in the present case. Additionally, the guideline section at issue here is addressed to armed career criminals. In our view, an armed career criminal possesses a firearm in connection with a crime of violence when that firearm is obtained during the commission of a burglary. Accordingly, we affirm Young's conviction and sentence.

AFFIRMED.