[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15730
Non-Argument Calendar

_____

D. C. Docket No. 03-00441-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE RUSSELL SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Andre Russell Simmons appeals his 77-month sentence, imposed

at re-sentencing for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Simmons argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) when his possession of the firearm was merely incidental to, not "in connection with," another felony offense. Simmons also argues that, because the Sentencing Guidelines created legally binding maximum sentences when he committed his offense, his sentence could be no higher than the maximum sentence provided for under the guidelines and based on only the facts that were charged in the indictment. Simmons further argues that the retroactive application of the advisory guidelines violated his due process rights and *ex post facto* principles.

I.

We "review[] the district court's application and interpretation of the sentencing guidelines under a *de novo* standard of review, but review[] its findings of fact for clear error." *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002) (citation omitted). A district court may use facts admitted by a defendant to enhance his sentence. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). Applying the advisory guidelines, a district court may use a preponderance of the evidence standard to make factual findings beyond the charges in the indictment or a defendant's admissions. *United States v. Chau*, 426 F.3d 1318,

2

1324 (11th Cir. 2005).

Section § 2K2.1(b)(5) provides for a four-level enhancement "[i]f the defendant . . . possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). This section of the guidelines does not define the phrase "in connection with." *See* U.S.S.G. § 2K2.1, comment. (n. 1). A district court's determination that a firearm was possessed "in connection with" another felony offense is a factual one. *See United States v. Whitfield*, 50 F.3d 947, 949 & n. 8 (11th Cir. 1995). We have refused to adopt a more restrictive approach of interpreting "in connection with" used in other courts. *United States v. Young*, 115 F.3d 834, 837-38 (11th Cir. 1997). We have considered the definition of "in connection with" in other sections of the guidelines and have determined that the phrase "merely reflects the context of the defendant's possession of the firearm" and the firearm "does not have to facilitate the underlying offense." *Rhind*, 289 F.3d at 695 (citations omitted). The enhancement may be applied when the two felony offenses are for different conduct, but are committed contemporaneously. *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001).

After reviewing the record, we conclude that the district court did not err in making the factual finding that Simmons possessed a firearm in connection with armed trespassing, nor in applying a four-level enhancement under § 2K2.1(b)(5).

II.

When a defendant raises and then knowingly withdraws an objection to his sentence, we deem the objection waived and will not review it on appeal. *United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Silvestri*, 409 F.3d 1311, 1327-28 (11th Cir.), *cert. denied*, 126 S. Ct. 772 (2005) (citation and quotation omitted).

We have held that "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.) *cert. denied*, 125 S. Ct. 2935 (2005). We have also held that the retroactive application of the remedial holding in *Booker* does not violate *ex post facto* principles. *United States v. Duncan*, 400 F.3d 1297, 1307-08 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005).

We conclude from the record that, as Simmons specifically withdrew his *Blakely* objection at the re-sentencing hearing, he has waived any constitutional error based on *Blakely*, and we will not review that issue. Also, Simmons sought re-sentencing in light of *Booker*, and, thus, invited the error of which he now complains concerning retroactive application. Moreover, we are bound by prior

4

precedent holding that the use of extra-verdict enhancements in an advisory guidelines systems is not unconstitutional and that the retroactive application of the remedial holding in *Booker* does not violate *ex post facto* principles. Accordingly, we affirm Simmons's 77-month sentence.

**AFFIRMED**.