[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13308
Non-Argument Calendar

_____

D. C. Docket No. 06-00339-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LORENZO YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 8, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin Lorenzo Young appeals his 100-month sentence imposed following

his guilty plea for possession of firearms by a felon. He contends that an amendment to the Sentencing Guidelines that took effect between the commission of the crime and the sentencing hearing created an ex post facto problem. Because the amendment did not change Eleventh Circuit law, we affirm.

## I. Background

Kevin Lorenzo Young and Robert Pickett committed a string of burglaries on June 22, 2006. The second of three burglaries was at Doug Galbreath's home. There, they stole four firearms. After placing the guns in the trunk of the car, Young and Pickett went to burglarize Pamela Gay's home. Gay encountered Pickett and called the police. Pickett and Young fled, leading to a high-speed chase that lasted several miles. During the chase, Young drove on the wrong side of the highway, forcing other vehicles off the road. The chase ended when Young crashed the car and the two fled on foot. Both were caught while trying to flee the police. Authorities searched the car and found various items stolen from the two residences, including four firearms.

Young pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Using the May 2007 Guidelines manual, the probation officer assigned a base level of 20 under U.S.S.G § 2K2.1. He then added a two-level enhancement under § 2K2.1(b)(1)(A) for the number of

2

firearms, a two-level enhancement under § 2K2.1(b)(4)(A) because the firearms were stolen, a four-level enhancement under § 2K2.1(b)(6) because Young possessed the firearms "in connection" with another felony offense, and a two-level enhancement under § 3C1.2 for reckless endangerment during flight. The officer then assigned Young a three-level reduction for acceptance of responsibility. Thus, the adjusted offense level was 27. Young had a criminal history category of IV, which resulted in a Guidelines range of 100 to 125 months. Because the statutory maximum was 120 months, however, the range became 100 to 120 months.

Young objected to the § 2K2.1(b)(6) enhancement for possession of firearms "in connection" with another offense. He asserted that the weapons were stolen as part of the burglary and, thus, were the proceeds of the crime; he argued that they were not "possessed in connection with" the crime. At sentencing, Young also argued that applying the amended version of § 2K2.1(b)(6) would create an ex post facto problem.

The court questioned whether the amended version of § 2K2.1(b)(6) marked a change in the Guidelines or whether it simply resolved a circuit split. Young responded that the amendment was a substantive change and, as such, that it should not be applied in his case. The court adopted the PSI factual findings and

3

determined that the firearms stolen during the earlier burglary and which were in the car during the escape had the potential to facilitate another felony. Therefore, the court concluded that the probation officer properly applied the Guidelines. The court then adopted the PSI calculations and sentenced Young to 100 months imprisonment.

On appeal, Young contends that the court improperly applied § 2K2.1(b)(6) because he did not possess the firearms "in connection with" another felony offense.

## II. Standard of Review

We review for clear error the district court's findings of fact regarding whether a defendant should receive an enhanced sentence under the Guidelines. United States v. Clay, 376 F.3d 1296, 1300 (11th Cir. 2004). We review de novo the "district court's interpretation of the Guidelines and its application of the Guidelines to the facts." United States v. McGill, 450 F.3d 1276, 1278 (11th Cir. 2006).

## III. Analysis

The court should apply the Guidelines manual in effect at the time of sentencing unless doing so presents an ex post facto violation. U.S.S.G. § 1B1.11(a), (b)(1); Stinson v. United States, 508 U.S. 36, 38 (1993).

4

Section 2K2.1(b)(6) provides, "if the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." U.S.S.G § 2K2.1(b)(6). Amendment 691, which became effective between the time when Young committed the crime and when Young was sentenced did not change the language of the relevant Guidelines provision but added a note to this section which resolved a circuit split. Amendment 691 made clear that the four-level enhancement applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in other conduct with the firearm during the course of the burglary." Young argues that retroactive application of this amendment creates an ex post facto problem. Because this change in the Guidelines did not change Eleventh Circuit law, however, we disagree.

Two cases are particularly informative.

In United States v. Young, 115 F.3d 834 (11th Cir. 1997), this court upheld a similar enhancement in the armed career criminal context. In that case, the defendant stole a rifle during the commission of a burglary; accordingly, the court concluded that he possessed the firearm "in connection with" that burglary for purposes of applying the enhancement. Id. at 836. He did not brandish the firearm at the scene of the burglary or afterwards. See id. We have the same scenario here.

5

In <u>U.S. v Rhind</u>, 289 F.3d 690, 692 (11th Cir. 2002), the defendants placed an unloaded firearm under the passenger seat of a vehicle and one in the trunk before venturing out on a four-state road trip passing off counterfeit bills. This court upheld a four-level enhancement under the same Guideline provision at issue in this case.[1] The court noted that "the availability and appearance of the firearms could have easily served to promote the defendants' prolonged criminal episode." <u>Id.</u> at 695. Thus, the court focused on the fact that the firearms could have been used in the commission of other crimes, not whether they actually were used.

Similarly, the availability of the firearms in this case could have "easily served to promote" Young's criminal episode. After obtaining the firearms in the Galbreath burglary, Young went to the Gay residence where he encountered the owner. Young then fled the scene and led police in a high-speed police chase for several miles. At any point after he obtained the firearms, Young could have used them to promote the burglaries later in the day or could have used them to aid his getaway. The sentencing judge mentioned as much.

Thus, because Eleventh Circuit precedent established that the enhancement applied in this case, the appellant's <u>ex post facto</u> argument is without merit.[2]

---

[1] Amendment 691 moved the relevant provision from 2K2.1(b)(5) to 2K2.1(b)(6).

[2] Because under either version of the Guidelines the court properly applied the enhancement, we do not need to address whether Amendment 691 is a clarifying or substantive amendment.

6

## IV. Conclusion

For the reasons above, we **AFFIRM**.