[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10974
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-00539-EAK-TBS


JAMES R. YOUNG,

Petitioner-Appellant,

versus

FCC COLEMAN - MEDIUM WARDEN,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2014)

Before HULL, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

James R. Young, a federal prisoner proceeding pro se, appeals the dismissal

of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.  We affirm.

## I. BACKGROUND

A. Underlying Conviction and Appeal

In August 1994, a federal grand jury indicted Young for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), the Armed Career Criminal Act ("ACCA").  He was convicted after a three-day trial.

Young's presentence investigation report ("PSI") stated he had numerous prior state-felony convictions, 6 of which were violent felonies.  According to the PSI, Young pled nolo contendere in all but one of the prior felony cases.  Additionally, several of the violent felonies had the same date.  The district judge sentenced Young to 262 months of imprisonment.

On direct appeal, Young argued the district judge erroneously found he had possessed a firearm in connection with a burglary, under U.S.S.G. § 4B1.4(b)(3)(A), the armed-career-criminal sentencing guideline.  Young did not challenge his eligibility for an enhanced ACCA sentence under § 924(e).  We affirmed Young's conviction and sentence.  *United States v. Young*, 115 F.3d 834 (11th Cir. 1997) (per curiam).

B. Relevant Post-Conviction Motions, 2000 to 2012

In February 2000, Young filed a 28 U.S.C. § 2255 motion to vacate.  It was dismissed as untimely in July 2001.  We denied Young's applications for leave to

2

file second or successive § 2255 motions in 2005 and 2006.  In 2008, the district judge denied Young's Motion to Correct Illegal Sentence, because it was an impermissibly successive § 2255 motion.  We dismissed Young's appeal in that proceeding for failure to prosecute later that year.

In September 2011, Young moved to correct an error in his judgment of conviction.  He asserted his judgment erroneously stated he had been convicted of possessing a firearm *and* ammunition, whereas the jury had convicted him of possessing a firearm *or* ammunition.  Following an initial denial by the district judge and a remand by this court, the district judge granted Young's motion.  The judge explained that, although the jury had found Young guilty, "the jury was not asked to specify on the verdict form which item(s) Young possessed and accordingly the verdict was silent in that regard."  Order Amending Conviction Judgment at 2 (Sept. 27, 2012).  In October 2012, the district judge issued an amended judgment clarifying that the jury had convicted Young of possession of a firearm *or* ammunition by a convicted felon.

C. Current 28 U.S.C. § 2241 Habeas Petition

In October 2010, Young filed this pro se § 2241 habeas petition.  After the government responded and Young had submitted numerous additional filings, the district judge directed Young to file an amended petition that included all the claims.

In his amended § 2241 petition, Young asserted he was actually innocent of his § 924(e) ACCA sentence enhancement, because he did not have the required three predicate convictions. Young contended his claim relied on *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), which was decided after he had filed his first § 2255 motion. According to Young, all of his prior felonies were treated as violent felonies in this circuit before *Begay*, even though he had "pl[ed] innocent" in those cases. ROA at 290. Because Young could not raise his *Begay* claim in a successive § 2255 motion, he argued § 2255 was inadequate or ineffective to test the legality of his detention.

Young also sought relief under the "'actual innocence exception" in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), and the fundamental-miscarriage-of-justice standard in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). ROA at 338. He similarly argued his actual-innocence showing entitled him to review of his claims, regardless of any procedural bar, under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Young also filed various supplemental authorities and motions, including a motion for reconsideration under Rule 60(b)(4), and he sought sanctions.

The district judge first addressed whether Young could bring claims that normally would be made in a § 2255 motion, under § 2241. The judge concluded Young was not entitled to proceed under the § 2255(e) savings clause, because his

4

claims were not based on retroactive, "circuit law-busting" Supreme Court decisions. ROA at 439. Consequently, the judge dismissed Young's § 2241 petition and denied his request for sanctions.

## II.  DISCUSSION

A.  <u>Section 2255(e) Savings Clause</u>

Young seeks the application of the savings clause in § 2255(e) to permit his § 2241 petition. Young argues the trial judge also lacked jurisdiction to impose an ACCA sentence, because Young's predicate convictions were based on his state-court pleas of "actual innocence." Appellant's Br. at 2 (citation and internal quotation marks omitted). Moreover, Young's PSI erroneously counted separately several prior sentences imposed on the same date. He argues that, before the decisions in *Begay*, 553 U.S. 137, 128 S. Ct. 1581, and *Bryant v. Warden, FCC Coleman – Medium*, 738 F.3d 1253 (11th Cir. 2013), precedent barred his ACCA claims.[1]

We review de novo whether a prisoner may bring a § 2241 petition under the § 2255(e) savings clause. *Bryant*, 738 F.3d at 1262. When a conviction has become final, a federal prisoner usually may challenge the legality of his detention only through a § 2255 motion. *Id.* at 1256. Section 2241 habeas petitions, though

---

[1] Young also contends his trial counsel rendered ineffective assistance of counsel. Young's ineffective-assistance claims are plainly outside the scope of the § 2255(e) savings clause, because they do not satisfy any of the requirements for bringing a § 2241 petition. *See Bryant*, 738 F.3d at 1274, 1281.

generally reserved for challenges to the execution of a sentence or the nature of confinement, may be used if petitioner meets his burden of showing that a § 2255 motion was "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Bryant*, 738 F.3d at 1256, 1262, 1288.  Whether the § 2255(e) savings clause may "open the portal" to a § 2241 petition is a jurisdictional issue that must be decided before addressing the merits of a petitioner's claims.  *Bryant*, 738 F.3d at 1262.

To show that a prior § 2255 motion was inadequate or ineffective, a petitioner asserting a sentencing-error claim must establish that (1) binding circuit precedent squarely foreclosed the claim during the petitioner's sentencing, direct appeal, and first § 2255 proceeding; (2) after the petitioner's first § 2255 proceeding, a United States Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; and (4) as a result of that new rule, the petitioner's sentence exceeds the statutory maximum authorized by Congress.  *See id.* at 1274, 1281; *see Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).

Under the ACCA, a defendant convicted of violating § 922(g) is subject to a mandatory-minimum, 15-year prison sentence, if he has 3 prior violent-felony or serious-drug-offense convictions.  18 U.S.C. § 924(e).  Absent an ACCA enhancement, the maximum sentence for violating § 922(g) is ten years of

6

imprisonment.  *See* 18 U.S.C. § 924(a)(2).  Although pro se briefs are to be liberally construed, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

We first address Young's claim that his prior state-court "innocent" pleas made those convictions ineligible as ACCA predicate convictions.  Applying the *Bryant* test, the only allegedly relevant prior precedent identified by Young that could have foreclosed his claims is the Supreme Court's 1990 decision in *Taylor v. United States*.  495 U.S. 575, 110 S. Ct. 2143 (1990).  The question presented in *Taylor* concerned the meaning of the word "burglary" in the § 924(e) definition of "violent felony."[2]  *Taylor*, 495 U.S. at 577-78, 110 S. Ct. at 2147.  The Court defined "burglary," as used in § 924(e), as "generic" burglary, *i.e.*, "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Id.* at 599, 110 S. Ct. at 2158.  The Court further held a sentencing judge applying § 924(e) generally should look only to the fact of conviction and the elements of the prior statutes of

---

[2]  [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

7

conviction, or to the charging documents and jury instructions, but not the facts of each defendant's conduct. *Id.* at 600-02, 110 S. Ct. at 2159-60. Notably, the Court in *Taylor* did not address distinctions between guilty, nolo contendere, and *Alford* pleas. *See generally id.* Thus, *Taylor* did not squarely foreclose Young's claims that his state-court pleas could not be used as ACCA-predicate crimes.

Young also has identified no relevant, retroactively applicable, Supreme Court cases that overturned any prior precedent. In *Begay*, upon which Young relies, the Court addressed whether the New Mexico offense of driving under the influence of alcohol satisfied the definition of "violent felony" under § 924(e)(2)(B)(ii). *Begay*, 553 U.S. at 139-41, 128 S. Ct. at 1583-84. The Court answered that question in the negative, because the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is limited to crimes "roughly similar, in kind as well as in degree of risk posed," to the examples in the statute. *Id.* at 143, 148, 128 S. Ct. at 1585, 1588. As with *Taylor*, the Court in *Begay* did not address distinctions between guilty, nolo contendere, and *Alford* pleas. *See generally id.* Therefore, *Begay* did not overturn any prior precedent relevant to Young's state-court pleas.

Nor did *Bryant* signal the abrogation of any relevant precedent. In *Bryant*, we held the § 2255(e) savings clause permits a federal prisoner to bring a § 2241 habeas petition upon a showing that his sentence for violating § 922(g) exceeds the

8

ten-year statutory maximum under § 924(a), subject to certain conditions previously addressed. *See Bryant*, 738 F.3d at 1256-57, 1274. Since the time of the petitioner's § 2255 proceeding, the Supreme Court's decision in *Begay*, as interpreted by our subsequent decisions, had abrogated some prior precedent, under which the Florida crime of carrying a concealed firearm had been considered a "violent felony" under § 924(e). *Id.* at 1257, 1274-76. As was the case in *Taylor* and *Begay*, *Bryant* did not address distinctions between guilty, nolo contendere, and *Alford* pleas. *See generally id.* Accordingly, *Bryant*'s interpretation of *Begay* also did not signal the abrogation of any precedent relevant to Young's claims regarding his state-court pleas.

With respect to his claims that the sentences for each of his ACCA-predicates were imposed on the same date, Young likewise has identified no prior, binding precedent foreclosing such a claim or Supreme Court decision abrogating any such precedent.

B.  Actual Innocence

Young contends he was convicted of a non-existent crime under § 924(e), and he is actually innocent under *McQuiggin*. 133 S. Ct. 1924. In support of his actual-innocence-of-§ 924(e) claim, Young further contends (1) no firearm or ammunition was found in his possession, and (2) his conviction judgment was

9

amended by the recent district court order stating the jury made no findings as to his guilt.

Young's actual-innocence claim under *McQuiggin v. Perkins* is misplaced. In *McQuiggin*, the Supreme Court addressed whether actual innocence, if proved, may provide an equitable exception to the statute of limitations applicable to a state prisoner's initial 28 U.S.C. § 2254 habeas petition. *See McQuiggin*, 133 S. Ct. at 1928, 1931, 1934-35. Even assuming that *McQuiggin* applies to federal prisoners, Young's case involves neither an initial post-conviction challenge nor a statute-of-limitations issue. Moreover, Young's purported actual-innocence claim is actually a sentencing-error claim under § 924(e),[3] as opposed to the factual-innocence claim at issue in *McQuiggin*. *See id.* at 1935 ("To invoke the miscarriage of justice exception to [the federal habeas] statute of limitations, . . . a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").[4]

C.  Due Process Violation

Young claims the district judge in this case violated his right to due process by holding him to the same standard as an attorney and by failing to engage in

---

[3] To the extent that Young seeks to press his sentencing-error claim under § 924(e), he has not identified any cases foreclosing or abrogating prior precedent, permitting him to proceed under § 2241.

[4] Young also claims the trial judge lacked subject-matter jurisdiction over his prosecution but has offered no intelligible arguments to support his contention.

factfinding.  He challenges the denial of his motion for reconsideration under Rule 60(b)(4) for similar reasons.  He also alleges the government "secretly" submitted to the district judge a "hidden response," in which the government conceded the errors claimed by Young.  Appellant's Br. at 1.

Young's claim of a due-process violation by the district judge is meritless. Young has shown nothing in the record substantiating his claim the judge improperly held him to the same standard as an attorney.  The district judge also did not err by failing to engage in factfinding, because she properly determined she lacked jurisdiction over Young's § 2241 petition, based on his failure to satisfy the § 2255(e) savings clause.  Nor did the judge err, when she denied Young's Rule 60(b)(4) motion, in which Young merely reasserted his § 2241 claims as to the nature of his state-court pleas.

Young likewise has shown nothing in the record to substantiate his claim that the government "secretly" submitted a "hidden response" to the district judge. *See* Appellant's Br. at 1.  By failing to elaborate on appeal any of the myriad other arguments he raised before the district judge, Young has abandoned them.  *See Timson*, 518 F.3d at 874.

**AFFIRMED.**

11