[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13365
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80020-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH BULLARD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Anthony Bullard appeals his 180-month sentence, imposed after he pled guilty to possession of a firearm by a convicted felon.  Mr. Bullard argues that the district court erred in (1) finding that his prior conviction for possession of cocaine with intent to sell under Fla. Stat. § 893.13(1)(a) qualified as a "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e); (2) increasing his offense level under § 4B1.4(b)(3)(A) for possessing a firearm in connection with a controlled substance offense; and (3) sentencing him above the ten-year statutory maximum for his offense based on prior convictions that were not alleged in the indictment.   Having reviewed the record and the parties' briefs, and finding no reversible error, we affirm.

## I

The district court sentenced Mr. Bullard as an armed career criminal under the ACCA based on three qualifying predicate convictions: (1) a 1989 Florida conviction for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13(1)(a); (2) a 1991 Florida conviction for aggravated battery and battery on a police officer, in violation of Fla. Stat. §§ 784.045 and 784.07; and (3) a 1999 federal conviction for possession of cocaine with intent to distribute.  On appeal, Mr. Bullard contends that his Florida conviction for possession of cocaine with intent to sell under Fla. Stat. § 893.13(1)(a), is not a "serious drug offense" within the meaning of the ACCA.

We review *de novo* whether a prior conviction qualifies as a "serious drug offense" under the ACCA to enhance a defendant's sentence. *See United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions from any court "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" receives a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined, in pertinent part, as follows:

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of then years or more is prescribed by law.

18 U.S.C. § 922(e)(2)(A)(ii).

In *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), we held that a conviction under Fla. Stat. § 893.13(1) is a "serious drug offense" under the ACCA. Accordingly, we hold, for the reasons substantially stated in our opinion in *Smith*, that the district court did not err in concluding that Mr. Bullard's prior conviction under § 893.13(1)(a) for possession of cocaine with intent to sell qualified as a "serious drug offense" under the ACCA.

## II

Mr. Bullard also argues that the trial court erred in enhancing his sentence under § 4B1.4(b)(3)(A) because there was insufficient evidence to establish that he possessed a firearm "in connection with . . . a controlled substance offense." U.S.S.G. § 4B1.4(b)(3)(A).

The pertinent facts of the offense are as follows. Riviera Beach police officers obtained a search warrant to search Mr. Bullard's residence after a confidential source made two purchases of drugs from Mr. Bullard at the residence.  Mr. Bullard resided in the sole upper-floor apartment of a two-story building.  A search of the apartment yielded five grams of cocaine in two plastic baggies in the master bedroom, as well as a digital scale in the kitchen.  During execution of the search warrant, officers observed a firearm in plain view on the front passenger seat of a car parked in a parking stall in front of the apartment complex.  Mr. Bullard acknowledged that the car belonged to his mother and admitted that the firearm belonged to him.  Based on these facts, the district court found "by a preponderance of the evidence that [Mr. Bullard] did possess a firearm and ammunition in connection with a controlled substance offense."

"We review a sentencing court's findings of fact for clear error and review its application of the law to the facts *de novo*." *United States v. Young*, 115 F.3d 834, 836 (11th Cir. 1997).  Under the Sentencing Guidelines, a defendant who

4

qualifies as an armed career criminal receives an offense level of "34, if the defendant used or possessed the firearm or ammunition in connection with . . . a controlled substance offense."  U.S.S.G. § 4B1.4(b)(3)(A).  The Guidelines define a "controlled substance offense" as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).

Even if Mr. Bullard could demonstrate that the district court erred in finding that he "possess[ed] a firearm and ammunition in connection with a controlled substance offense," any such error would be harmless.  Mr. Bullard qualified as an armed career criminal under the ACCA, and as such, he was subject to a mandatory minimum sentence of 180 months.  Even if Mr. Bullard had not possessed the firearm at issue in connection with a controlled substance offense, thereby reducing his advisory guideline range to 135-168 months, the district court nevertheless would have been required to impose a sentence of at least 180 months—the exact sentence that Mr. Bullard received.  Accordingly, no reversible error has been shown.

### III

Finally, Mr. Bullard contends that his sentence is unconstitutional because the trial court relied on prior convictions not alleged in his indictment to increase

his sentence above the ten-year statutory maximum.  We review such constitutional sentencing issues *de novo*.  *See United States v. Steed*, 548 F.3d 961, 968 (11th Cir. 2008).  Because prior precedent forecloses Mr. Bullard's argument, we conclude that the district court's imposition of the ACCA enhancement did not violate Mr. Bullard's constitutional rights.  *See, e.g., Smith*, 775 F.3d at 1266 ("The Constitution does not require that the government allege in its indictment and prove beyond a reasonable doubt that [a defendant] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.") (internal quotation marks omitted).

## IV

Based on the foregoing, we affirm Mr. Bullard's sentence.

**AFFIRMED.**