[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10829

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARRELL MICHAEL BRITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00035-TKW-MJF-3

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Darrell Michael Britt appeals his conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and oxycodone, and his corresponding 300-month imprisonment sentence. Britt first asserts the district court erred in instructing the jury it could find him guilty of conspiracy to distribute methamphetamine "or" oxycodone when the indictment charged him with conspiracy to distribute methamphetamine "and" oxycodone. Second, he contends the district court erred in determining he was accountable for 238,072.95 kilograms of converted drug weight and in characterizing the methamphetamine as "ice." Third, he argues his trial counsel was ineffective.[1] After review, we affirm.

## I. JURY INSTRUCTION

In *United States v. Simpson*, 228 F.3d 1294, 1299 (11th Cir. 2000), the government charged that Simpson "did knowingly use *and* carry a firearm" in connection to a drug crime. The district court instructed the jury that it could convict Simpson if it found he used or carried a firearm in relation to the drug crime. *Id*. We

---

[1] We do not consider Britt's *pro se* filing that is attached to counsel's reply brief. *See* 11th Cir. R. 25-1 ("When a party is represented by counsel, the clerk may not accept filings from the party.").

upheld the jury instruction and stated, "the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." *Id*. at 1300.

Britt cites *United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022) (*en banc*), *abrogated by Pulsifer v. United States*, 144 S. Ct. 718, 737 (2024), for his argument that the district court erred. In *Garcon*, we held the word "and" in 18 U.S.C. § 3553(f)(1) is conjunctive and a defendant is not disqualified from safety-valve relief unless he has all three of the disqualifying criteria listed in § 3553(f)(1). *Garcon*, 54 F.4th at 1278. However, even if a decision focused on statutory interpretation of the safety-valve provision requirements could affect *Simpson*'s reasoning as to jury instructions, the Supreme Court's recent decision in *Pulsifer* expressly abrogated our decision in *Garcon* and held that a defendant who has *any* of the three criminal-history components under § 3553(f)(1) is disqualified from safety-valve sentencing relief. *Pulsifer*, 144 S. Ct. at 737.

As an initial matter, *Simpson* remains good law and has not been overruled or abrogated. Therefore, under this Court's prior precedent rule, *Simpson* must be followed. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (stating under this Court's prior precedent rule, we must follow a prior panel precedent "unless and until it is overruled by this court en banc or by the Supreme Court").

The district court did not err in instructing the jury it could find Britt guilty of conspiracy to distribute methamphetamine "or" oxycodone when the indictment charged him with conspiracy to distribute methamphetamine "and" oxycodone. *See Simpson*, 228 F.3d at 1298 (reviewing jury instructions *de novo* to determine whether they misstated the law or misled the jury). Similar to *Simpson*, the court charged in the conjunctive multiple ways the statute could be violated and the jury instruction was framed in the disjunctive. *See id.* at 1300. This type of disjunctive jury instruction is permitted when the statute can be violated in multiple ways. Therefore, the court did not err in its jury instruction. *See id.* Accordingly, we affirm on this issue.

## II.  DRUG QUANTITY

When the defendant has challenged a factual basis for the sentence, "such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). The district court must approximate the amount of drugs attributable to a defendant when the government has seized a quantity of drugs that does not reflect the scale of the offense. *United States v. Reeves*, 742 F.3d 487, 506 (11th Cir. 2014). The district court is permitted to rely on "evidence demonstrating the average frequency and amount of a defendant's drug sales over a given period of time" that is "fair, accurate, and conservative" but not speculative. *Id.* (quotation marks omitted). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed

statements in the PSI [presentence investigation report], or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). Further, in determining an appropriate sentence, a district court may rely on hearsay provided that it has a sufficient indicia of reliability to support its probable accuracy. *United States v. Baptiste*, 935 F.3d 1304, 1315-17 (11th Cir. 2019).

The district court did not clearly err in determining Britt was accountable for 238,072.95 kilograms of converted drug weight and that the methamphetamine was "ice." *See United States v. Young*, 115 F.3d 834, 836 (11th Cir. 1997) (reviewing a sentencing court's factual findings for clear error). The court did not err because Marcel Michaud's trial testimony, Kenneth Sizemore's trial testimony, and the government surveillance and wiretapping evidence regarding the frequency and amount of methamphetamine that Britt provided to Michaud and of opioids that Michaud provided Britt supported its determination. *See Reeves*, 742 F.3d at 506.

The jury found Sizemore and Michaud credible in convicting Britt and their testimony was not unbelievable or incredible. *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (stating credibility determinations are left to the jury and we will not disregard them unless the testimony is unbelievable on its face or incredible as a matter of law, meaning it contains "facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature" (quotation marks omitted)). The court adopted the PSI drug estimate that included at

least 26 pounds of "ice" that Britt supplied to Michaud during this conspiracy and 328,500 milligrams of oxycodone pills, which was determined by calculating 90 percent of the pills that Michaud obtained from Sizemore. The 26 pounds of "ice" was based on Michaud's testimony that he received a kilogram of methamphetamine on approximately 5 occasions and a half a kilogram between 15 and 20 occasions and the corroborating evidence that Britt went to Michaud's house every 1 to 2 weeks for approximately 2 years to purchase methamphetamine.

The text messages and calls further show Michaud and Britt communicated about drugs. The court found the DEA tested the methamphetamine Michaud possessed at the time of his arrest, the methamphetamine Sizemore possessed at the time of his arrest that he received from Michaud, and the methamphetamine purchased in two different instances from Michaud by a confidential source, and all the methamphetamine tested to be the level of purity required for "ice." The court did not clearly err in looking to the testimony of Michaud that at the time of the investigation and when the methamphetamine was tested, Michaud's only methamphetamine supplier was Britt. There is not a "definite and firm conviction that a mistake has been committed" regarding the quantity of drugs for which Britt was held accountable or the purity of the methamphetamine. *See United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (explaining a fact finding is clearly erroneous when, after reviewing all of the evidence before us, we are "left with the definite and firm conviction that a mistake has been committed" (quotation marks omitted)). The district court was permitted to

base its factual findings at sentencing on "evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *See Polar*, 369 F.3d at 1255. Therefore, the district court did not clearly err in making these factual findings and we affirm on this issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

We will not generally consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation marks omitted). We will consider such claims if the record is sufficiently developed. *Id.* However, the preferred method for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion, even if the record contains some indication of deficiencies in counsel's performance. *Id.*

The record is not sufficiently developed for us to consider a claim by Britt that he received ineffective assistance of counsel. Thus, we do not address Britt's ineffective assistance of counsel claim in this direct appeal.

**AFFIRMED.**