[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12132
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00103-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TOWNSEND ANTHONY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 21, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Michael Townsend Anthony appeals his conviction and 188-month sentence,

imposed after he pleaded guilty to possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e).  Anthony raises three arguments on appeal.  He argues that the district court erred by denying his motions to suppress evidence and to appoint new counsel.  Anthony also argues that at sentencing, the district court erred by finding that he possessed firearms "in connection with" a controlled substance offense under United States Sentencing Guidelines § 4B1.4(b)(3)(A).  After careful review, we affirm.

## I.

On August 13, 2013, Anthony was stopped by a Tallahassee Police Department officer because the officer believed that Anthony's vehicle had an illegal window tint.  After a trained drug-detection dog signaled the presence of a controlled substance, officers searched Anthony's vehicle and found crack cocaine, oxycodone, penicillin, drug paraphernalia, and three loaded firearms.  As a result of this search, and approximately fourteen minutes after Anthony had been stopped, officers took Anthony into custody and later charged him with possessing a firearm as a previously-convicted felon.

Before pleading guilty, Anthony moved to suppress the controlled substances, firearms, and drug paraphernalia, arguing that this evidence was the fruit of an unlawful search and seizure.  The district court denied the motion to suppress because it found that officers had not prolonged the stop longer than was

2

necessary to deal with the traffic violation.

After he pleaded guilty, Anthony also moved for the appointment of new counsel. He argued that his trial counsel, an attorney from the Federal Public Defender's Office, had not adequately represented his interests at the suppression hearing. Specifically, he believed that his attorney had failed to argue that the Tallahassee Police Department misrepresented the circumstances of the traffic stop. The district court denied Anthony's motion to appoint new counsel.

At sentencing, and over Anthony's objection, the district court found that Anthony possessed firearms "in connection with" a controlled substance offense under USSG § 4B1.4(b)(3)(A), and sentenced him to a within-Guidelines sentence of 188-months imprisonment. Anthony now appeals both his conviction and sentence.

II.

We first address Anthony's argument that the district court erred by denying his motion to suppress evidence. "Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo." United States v. Lewis, 674 F.3d 1298, 1302–03 (11th Cir. 2012) (quotation omitted). The Fourth Amendment protects individuals from unreasonable searches and seizures. Id. at 1303. Because traffic stops constitute seizures under the Fourth Amendment, the

3

duration of the stop "must be limited to the time necessary to effectuate the purpose of the stop." United States v. Ramirez, 476 F.3d 1231, 1236 (11th Cir. 2007) (quotation omitted). The use of a trained drug-detection dog during a traffic stop does not violate the Fourth Amendment as long as the stop is not "unreasonably prolonged." Illinois v. Caballes, 543 U.S. 405, 407–08, 125 S. Ct. 834, 837 (2005).

We agree with the district court that there was no Fourth Amendment violation. To begin, because Anthony does not contest the legality of the initial traffic stop, he must show that he was detained for longer than necessary to effectuate the purpose of the stop. See Ramirez, 476 F.3d at 1236–37. According to computer-aided dispatch (CAD) records produced by the government, the entire stop—from the time that Anthony was pulled over to the time that he was taken into custody—lasted for only fourteen minutes. In addition, the police officer that stopped Anthony was still in the process of checking Anthony's registration and had not yet completed the traffic citation when the drug-detection dog signaled the presence of controlled substances. Therefore, there is no indication that the traffic stop was unreasonably prolonged.

## III.

We turn next to Anthony's argument that the district court erred by denying his motion for new counsel. We review the district court's denial of a motion for

4

new counsel for an abuse of discretion, considering "1) the timeliness of the motion; 2) the adequacy of the court's inquiry into merits of the motion; and 3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). If we find that the district court abused its discretion, we then consider whether the defendant was prejudiced; if not, the error is harmless. Id.

Even assuming that the district court abused its discretion in denying Anthony's motion, we find that any error was harmless. At a hearing before the district court, Anthony explained that he had moved for new counsel solely because he wanted to supplement the record in an attempt to show that the Tallahassee Police Department had misrepresented the circumstances of its search of his vehicle. Although his attorney disagreed with this strategy, Anthony believed that these additional documents would have caused the district court to grant his motion to suppress evidence. However, following its hearing on Anthony's motion for new counsel, the district court considered these documents and Anthony's argument, and nonetheless did not change its ruling on his motion. For this reason, Anthony cannot show prejudice.

5

IV.

Finally, we address Anthony's argument that the district court erred at sentencing by finding that he possessed firearms "in connection with" a controlled substance offense under USSG § 4B1.4(b)(3)(A). We review de novo the district court's interpretation and application of the Sentencing Guidelines, but we accept the court's fact findings unless they are clearly erroneous. United States v. Cruz, 713 F.3d 600, 605 (11th Cir. 2013). The district court does not clearly err "where there are two acceptable views of the evidence." United States v. Reeves, 742 F.3d 487, 507 (11th Cir. 2014).

Under USSG § 4B1.4(b)(3)(A), a defendant convicted under 18 U.S.C. §§ 922(g) and 924(e) begins with a base offense level of 34 "if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence . . . or a controlled substance offense." This Court has interpreted the phrase "in connection with" expansively. For example, in United States v. Young, 115 F.3d 834 (11th Cir. 1997) (per curiam), we held that § 4B1.4(b)(3)(A) can be applied when a defendant possesses a firearm during the commission of a crime of violence, even where there is no finding that the firearm served some purpose in the commission of that crime. Id. at 837–38. Similarly, in United States v. Carillo-Ayala, 713 F.3d 82 (11th Cir. 2013), we held that identical language in a different Guidelines provision is satisfied if "the firearm is in proximity to drugs or

6

if the firearm facilitates the drug offense." Id. at 96 (internal citations and quotation marks omitted).

In this case, police officers found three loaded firearms in Anthony's vehicle, along with drugs and drug paraphernalia. Under this Court's precedent, that is sufficient to satisfy the requirements of § 4B1.4(b)(3)(A). The district court did not clearly err by finding that Anthony possessed a firearm in connection with a controlled substance offense.

**AFFIRMED.**