[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12999
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00368-RH-CAS,
4:13-cr-00103-RH-CAS-1

MICHAEL TOWNSEND ANTHONY,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 27, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Michael Anthony is a federal prisoner serving a 188-month sentence for being a felon in possession of a firearm.  Anthony's sentence was longer because of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After the Supreme Court issued Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), Anthony moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his ACCA sentence was invalid.  The district court denied his motion, but granted a certificate of appealability.  After careful review, we affirm.  We also grant Anthony's counsel's motion to withdraw and deny Anthony's request for appointment of new counsel.

## I.

In 2014, Anthony pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  According to the pre-sentence investigation report ("PSR"), Anthony had previously been convicted in Florida's Leon County Circuit Court of, among other crimes, two counts of armed robbery and three counts of attempted armed robbery in 1993 and one count of aggravated assault on a law enforcement officer in 2001.  The ACCA requires that any person who violates 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug offenses be subject to a mandatory minimum sentence of 15-years imprisonment.  18 U.S.C. § 924(e)(1).  Based on his prior convictions, the PSR

2

said Anthony was subject to the 15-year mandatory minimum sentence under ACCA.

At the sentencing hearing, the district court adopted the portions of the PSR related to Anthony's prior convictions. The Court found that he was subject to ACCA's mandatory 15-year sentence and imposed a sentence of 188 months. On direct appeal, we affirmed the district court's rulings on certain evidentiary issues and on the application of the Sentencing Guidelines. United States v. Anthony, 609 F. App'x 987, 989–90 (11th Cir. 2015) (per curiam) (unpublished).

After the Supreme Court issued Johnson, Anthony moved to vacate his sentence under 28 U.S.C. § 2255. He argued that his prior convictions did not make him eligible for an ACCA sentence. Specifically, Anthony claimed his Florida convictions for armed robbery, attempted armed robbery, and aggravated assault qualified as ACCA predicates only under the statute's residual clause, which was found unconstitutional in Johnson. The district court denied his motion, stating that under circuit precedent Anthony's prior convictions qualified as violent felonies under ACCA's elements clause, § 924(e)(2)(b)(i), which Johnson did not disturb. This appeal followed.

## II.

Anthony's counsel says we should reverse the district court because Anthony's prior conviction for Florida aggravated assault does not qualify as an

3

ACCA predicate offense.  Counsel acknowledges, however, that this argument

conflicts with binding circuit precedent.  In Turner v. Warden Coleman FCI

(Medium), 709 F.3d 1328 (11th Cir. 2013), abrogated on other grounds by

Johnson, 135 S. Ct. at 2563, this Court held that Florida aggravated assault

qualifies as a violent felony under ACCA's elements clause.  Id. at 1337–38.

Anthony says Turner was wrongly decided and should be reconsidered.  But under

our Court's prior panel precedent rule, we are bound by decisions of this Court

until they are "overruled or undermined to the point of abrogation by the Supreme

Court or by this court sitting en banc."  United States v. Archer, 531 F.3d 1347,

1352 (11th Cir. 2008); see also Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th

Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent

rule based upon a perceived defect in the prior panel's reasoning or analysis as it

relates to the law in existence at that time.").  We must therefore follow Turner.

See United States v. Golden, 854 F.3d 1256, 1257 (11th Cir. 2017) (per curiam)

(Jill Pryor, J., concurring in the result) (applying Turner as required by the prior

precedent rule despite apparent errors in Turner's reasoning).

### III.

Anthony's counsel initially argued before the district court that his prior

convictions for Florida armed robbery and Florida attempted armed robbery in the

Leon County Circuit Court, a court within Florida's First District, also do not

4

qualify as ACCA predicate offenses.  Counsel acknowledged on appeal, however, that United States v. Fritts, 841 F.3d 937, 941 (11th Cir. 2016), foreclosed this argument.

After the parties finished briefing this appeal, the Supreme Court granted certiorari in Stokeling v. United States to resolve the same question Anthony's brief raised.  See 138 S. Ct. 1438 (Mem.).  In response, we held Anthony's appeal in abeyance pending the Court's decision.  The Supreme Court has since decided Stokeling, holding that Florida robbery qualifies as a violent felony under ACCA's elements clause.  586 U.S. __, 139 S. Ct. 544, 555 (2019).

In light of Stokeling, Anthony's counsel submitted supplemental briefing on his behalf, conceding his Florida armed robbery and Florida attempted armed robbery convictions are ACCA predicate offenses.  Later, though, counsel filed a motion to withdraw, explaining that Anthony did not agree that Stokeling foreclosed his argument.

We asked Anthony to respond to his counsel's motion to withdraw and requested he raise any issues relevant to the district court's denial of his § 2255 motion.  Anthony responded by arguing only that his prior Florida robbery convictions do not qualify as violent felonies under the ACCA because they occurred before the Florida Supreme Court's opinion in Robinson v. State, 692 So.

5

2d 883 (Fla. 1997). He asked this Court to appoint new counsel to brief this issue on his behalf.

We then held his appeal in abeyance pending issuance of the mandate in Welch v. United States, 958 F.3d 1093 (11th Cir. 2020) (per curiam), which presented issues similar to those raised by Anthony. The mandate in Welch issued on June 29, 2020. Welch v. United States, Case No. 14-15733, ECF No. 114. We now conclude that we need not appoint new counsel to more fully brief Anthony's argument because it is without merit.

As counsel acknowledged in the brief first submitted in this case, Anthony's argument is squarely foreclosed by prior panel precedent. See Fritts, 841 F.3d at 939–44 (holding pre-Robinson Florida robbery convictions qualify as predicate violent felonies under the ACCA). Stokeling did not abrogate or overrule—and indeed supports—our prior precedent. And Welch reaffirmed that we remain bound to hold that § 812.13 "has always required force sufficient to overcome a victim's resistance." Welch, 958 F.3d at 1098. This is so even if that leads us to the "absurd result" of affirming ACCA enhancements based on pre-Robinson convictions in Florida districts which affirmed robbery convictions predicated on force too slight to satisfy the ACCA's elements clause. Id. at 1100–02 (Rosenbaum, J. concurring).

6

Because of the conflict between Anthony and his counsel, we grant counsel's motion to withdraw. And because we have already addressed the only additional argument Anthony wishes to raise on appeal—an argument that is squarely foreclosed by this Court's precedent and therefore meritless—we deny his request for appointment of new counsel.

## IV.

The district court's denial of Anthony's § 2255 motion is **AFFIRMED**.[1] Anthony's counsel's motion to withdraw is **GRANTED,** and Anthony's request for substitute counsel is **DENIED**.

---

[1] We need not address the government's alternative argument that Anthony qualifies for an ACCA sentence even without his prior aggravated assault conviction.